### International & Great Northern Railway Company . v. S. T. Anthony.

Decided May 5, 1900.

**1. Railway Company—Injury to Passenger—Negligence—Charge.**

A charge of court in an action against a railway company for injury resulting to a passenger from the falling of a seat, to the effect that a failure to exercise a high degree of care to provide safe seats, or to warn passengers of a defective seat, was negligence which would render defendant liable for damages resulting directly therefrom, is not erroneous where the petition charged in general terms, and without any exception being taken thereto, that the accident was caused by gross negligence, and the evidence showed that the seat had fallen previously on the same day.

**2. Charge of Court—Construction as a Whole—Proximate Result.**

A charge in an action of damages for negligent personal injury, that plaintiff was entitled to such damages as will compensate him for his expenditures for medical attention, was not subject to the objection that it does not restrict the damages to such as proximately resulted from the negligence, where the charge, taken as a whole, clearly restricted plaintiff's recovery to such damages as were the proximate result of defendant's negligence.

**3. Same—Injury as Proximate Result of Negligence.**

A charge that if the defendant company was negligent in providing or leaving open for occupancy the seat in its car which fell with plaintiff's wife, and that she suffered injury to her foot as a direct and proximate result of such negligence, then the jury should find for plaintiff, etc., is not susceptible of the construction that it held defendant at all events to the duty of providing and leaving open for occupancy only such seats as were absolutely safe, instead of holding it merely to the exercise of proper care in this respect.

**4. Carrier of Passengers—Degree of Care in Providing Safe Seats.**

The duty of a railroad company to exercise a high degree of care for the safety of its passengers as clearly requires that degree of care in providing seats in its cars as it does in providing the cars, or the roadbed, or in running its trains.

**5. Measure of Damages for Permanent Personal Injury.**

Where, in an action for personal injury to plaintiff's wife, the evidence showed that the injury was permanent, incapacitating her from the performance of domestic duties, and would grow worse as she grew older, it was not error for the charge to authorize a recovery in such sum as will compensate plaintiff for the reduction of the wife's usefulness and for her physical pain and mental suffering for such length of time as the injury would probably continue within the probable limits of her life.

**6. Same—Husband's Recovery for Injury to Wife.**

The right of the husband to recover compensation for permanent injury to his wife is no more dependent upon the probable duration of his own life than is his right to recover any other demand or debt due the community estate.

Appeal from Houston. Tried below before Hon. A. D. Lipscomb.

*N. A. Stedman, John I. Moore,* and *G. H. Gould,* for appellant.

*Hart & Branch* and *Adams & Adams,* for appellee.

PLEASANTS, Associate Justice.—Appellee brought this suit to recover of appellant damages for personal injuries sustained by his wife, V. M. Anthony, through the alleged negligence of appellant. The trial of the case in the court below resulted in a verdict and judgment in

favor of appellee for the sum of $2500, from which judgment this appeal is prosecuted. The petition alleges that on or about June 7, 1899, appellee's wife, the said V. M. Anthony, having purchased a ticket of appellant's agent at Grapeland, Texas, which entitled her to passage on appellant's train from Grapeland to Palestine, in Anderson County, boarded a passenger train of appellant at Grapeland; that on entering the car on said train she selected a seat which she believed to be a strong, substantial, and safe seat, and proceeded in a careful manner to take her seat, when, without fault or negligence on her part, said seat fell to the floor, in which fall her foot was caught under the seat and her ankle and foot mashed and bruised, the injury being fully set out and described. The petition further alleges "that the seat which Mrs. Anthony so attempted to occupy was broken and fatally defective, and had fallen before on the date of the injury, and the defect in the seat was known, or could have been known by the exercise of ordinary diligence, by the defendant, its agents, or employes, and that it was by and through the gross negligence, mismanagement, and utter disregard for the safety and security of its passengers that Mrs. Anthony was injured, and that by reason of the gross negligence of the defendant railroad company, its agents and employes, and by reason of the defective construction of said seat, this plaintiff has been damaged."

The facts as to the seat being defective and plaintiff's wife being injured by the falling of said seat are undisputed.

The second assignment of error attacks the following paragraph of the charge of the court: "It is the duty of a railroad company to exercise a very high degree of care to provide safe seats for its passengers, and a passenger has a right to presume any seat, apparently in good condition, will safely accommodate her, and a failure to exercise a high degree of care to provide such seats, or to warn passengers of any such seats as might be defective, would be negligence on the part of the railroad company which would render it liable for all such damages as directly and approximately result therefrom."

Appellant insists that this charge is erroneous because it presented to the jury an issue not made by the pleadings or evidence, and because it does not present the law of the case in that it holds defendant absolutely to the duty of warning passengers of seats that may be defective or dangerous, whether the defendant was guilty of negligence or not in regard to the alleged defective condition of said seats, and whether or not defendant knew, or by the exercise of proper care could have known, of such a defect if same existed. We do not think these objections to this portion of the charge are valid. The petition charges in general terms that the accident was caused by the gross negligence of the employes of appellant, and there was no exception to the allegation. Under this allegation the negligence of the employes was one of the main issues in the case, and the evidence discloses the fact that the seat had, as alleged, fallen on the same day and a short time previous to the time Mrs. Anthony attempted to occupy it, and its defective

condition must have been known, or could have been known to the employes of appellant by the exercise of proper diligence on their part, and the failure to exercise proper care on the part of the employes to discover said defect, if such failure was the proximate cause of Mrs. Anthony's injury, would be such negligence on their part as to render appellant liable for the damages caused by said accident.

The third assignment of error is as follows: "The court erred in instructing the jury as follows: 'If under the rules hereinbefore given you in charge, and from the preponderance of the evidence, you have concluded that the defendant was negligent, then you will find for the plaintiff in such sum as will compensate him for his expenditure for medical attention in the first instance.' Because such charge instructs the jury to compensate plaintiff for his expenditure for medical attention, if defendant was negligent, whether such expenditure was the proximate result of such negligence or not."

This assignment is without merit. In considering objections to a charge the whole charge should be looked to, and the charge in this case clearly and explicitly restricts appellee's recovery to such damages as are the proximate result of the alleged negligence of appellant, and the paragraph of the charge complained of in this assignment expressly directs the attention of the jury to the rules before given them in charge.

The fourth assignment complains that the court erred in charging the jury that if from the evidence they believed the defendant was negligent in providing or leaving open for occupancy the seat which fell with plaintiff's wife, and that she suffered injury to her foot as a direct and proximate result of such negligence, then the jury could find for the plaintiff, etc., because such act of negligence was not charged in the petition, and was therefore not an issue made by the pleadings or the evidence; and further because, even had it been an issue, said charge was not the law, in that it held the appellant at all events to the duty of providing and leaving open for occupancy only such seats as were absolutely safe, instead of holding appellant merely to the exercise of proper care in this regard.

In answer to the first of these objections it is only necessary for us to repeat that under the general allegations of negligence contained in the petition any character of negligence on the part of appellant's employes which directly contributed to the injury alleged was an issue in the case, and the evidence raised the issue as to the negligence of said employes in leaving the seat open for occupancy. As to the second objection, we do not think the language of the court susceptible of the construction placed upon it by appellant.

Appellant contends in the fifth assignment of error that the charge of the court is erroneous in that it instructs the jury that it is the duty of a railroad company to exercise a high degree of care to provide safe seats for its passengers, because the law requires a high degree of care on the part of the company only in the operation of trains and not in

providing for the mere comfort of the passengers, such as providing seats. We know of no decision of any court which announces the rule contended for by appellant, and such is not the law. The duty of a railroad company to exercise a high degree of care for the safety of its passengers as clearly requires that degree of care to be exercised in providing seats in its cars as it does in providing the cars, or the road-bed, or in running its trains.

The questions raised by the sixth assignment are identical with those raised by the second, and have been disposed of by us in the consideration of the second assignment.

The trial court in its charge to the jury gave the following instructions: "Next, if you believe from the evidence that the injuries to the foot of plaintiff's wife were directly and proximately caused by the negligence of defendant, and could not have been reduced in extent and seriousness by reasonable care on her part, or that she did exercise every reasonable care to render the injury as slight as possible, then you will consider the probable length of her life and the annual money value of her usefulness and the pain which she may have suffered, and will probably suffer, and will find for the plaintiff in such sum as will pecuniarily compensate for the reduction of her usefulness, and for her physical pain and mental suffering for such length of time as the injury will probably continue within the probable limits of her life."

Appellant in its seventh assignment of error assails this instruction on the ground that there is no evidence in the case that the injuries to plaintiff's wife were permanent, or that such injuries would lessen her capacity to earn money or cause her physical or mental pain during her natural life, or that plaintiff would live to be damaged during his wife's natural life. Three of the five physicians who were witnesses in the case and who had examined Mrs. Anthony's ankle, testified that in their opinion the injury was permanent, and one of them gave it as his opinion that it would grow worse as Mrs. Anthony grew older. Mrs. Anthony testified that she suffered a great deal of pain from the injury, and it rendered her unable to perform her usual domestic duties. The evidence also shows that her services were worth the sum of $50 per month. Without approving this charge, we are of opinion that it is not open to the objections raised by this assignment. There is nothing in the last of these objections. The right of the husband to recover compensation for permanent injury to his wife is no more dependent upon the probable duration of his life than is his right to recover any other demand or debt due the community estate.

Appellant's eighth and ninth assignments of error attack the verdict of the jury as being contrary to law and excessive in amount. It is not contended that the amount of the verdict is an excessive compensation for plaintiff's injury, but it is insisted that under the law as given in the charge, and from the evidence in the case, the verdict is excessive because the larger portion of the damages sustained by plaintiff could have been prevented by reasonable care on his part. This phase of the

.case was fully and clearly presented to the jury by the charge of the court, and there being evidence in the record sufficient to sustain the verdict on this issue, this court is not authorized to disturb the finding of the jury.

We find no error in the record which requires a reversal, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.