SKINNER v. WILMINGTON AND WELDON RAILROAD CO.

(Filed May 30, 1901.)

NEGLIGENCE—*Railroads—Personal Injuries—Passengers—Evidence.*

The evidence in this case is insufficient to show negligence on part of a railroad for injuries to a passenger.

ACTION by Emily Skinner, administratrix, against the Wilmington and Weldon Railroad Company, heard by Judge *J. W. Bowman,* at February Term, 1900, of the Superior Court of WILSON County. From a judgment dismissing the action, the plaintiff appealed.

*Deans & Cantwell,* and *J. H. Pou,* for the plaintiff.
*Aycock & Daniels,* for the defendant.

SKINNER *v.* WILMINGTON AND WELDON RAILROAD CO.

MONTGOMERY, J. The plaintiff's intestate was a passenger on one of the defendant's trains and upon its reaching Wilson he got up to disembark. The train was stopped a little before the baggage car was placed against the baggage to be taken on. At this time the intestate was seen standing on the platform of a passenger car supporting himself by having his hand in position on the door-facing. The train was then moved up a little forward, gently and without jerking and stopped. At this juncture the door of the coach shut itself and the intestate's hand was caught in the jam and badly injured. The following is the whole of the evidence offered by the plaintiff in the case:

David Barnes, for the plaintiff, testified: "I was porter at the hotel. Met train No. 48, June 14, 1898, at the depot in Wilson. When the train arrived it stopped a little before it got the baggage car against the baggage. Mr. Skinner was standing on the platform supporting himself by his hand between the door-face. Train moved forward a little and at the second stop the door came shut and his fingers were caught in the jam of the door and injured. When I first saw Mr. Skinner he was in his seat. This was before the train stopped the first time, and just about the time it was coming to a stop I saw Mr. Skinner get up and walk forward. When I next saw him he was standing on the platform with his hand on the door jam as before stated."

On cross-examination this witness testified that "it was not always possible to stop a train exactly against the baggage and it was not unusual for it to move up a little ways after it first stopped in order to get the baggage. When the train moved up to the baggage it moved up in an ordinary way and stopped as it ordinarily stopped, without jerking."

Frank Pierce testified for the plaintiff as follows: "I was working for the Express Company on the 14th of June, 1898, when the accident occurred. When the train stopped I

boarded the express car to unload and load express. The train moved up a little. I called to the hand to pull truck off. Train moved up and stopped. After it stopped I saw a man getting off with his hand hurt. I did not know the man at the time, but afterwards found it was the intestate of the plaintiff. Train did not move but a little ways and moved up and stopped gently."

We can not see the least negligence in the management of the defendant's train, and there was no testimony of any fault in the condition or construction of the coach door. The occasion was purely an accident. Nothing short of stationing a man at both doors in each coach at every stopping place to watch the doors to prevent injury to passengers could prevent just such accidents, and such a requirement would be most unreasonable under present conditions. There is no analogy between this case and that of *Nance v. Railroad,* 94 N. C., 623. There the train had been brought to near a standstill at a station, and the passenger was in the act of alighting when the engineer caused a motion of the train, violent and sudden.

His Honor was right in granting the defendant's motion to dismiss the action.

No error.