JAMES W. LARKIN, Appellee, v. CHICAGO & GREAT WESTERN RAILWAY COMPANY, Appellant.

Personal Injury: DAMAGES: VERDICT. The verdict of a jury for
1    damages for a personal injury will not be disturbed unless so flagrant and excessive as to clearly indicate prejudice and passion.

Competency of Certain Testimony. Testimony tending to show
2    the force of the collision by which the injury was produced is competent.

Presumption of Negligence: DUE CARE: JURY QUESTION. In an
3    action for a personal injury received in a railway accident, and a *prima facie* case of negligence of the company is made, the question of due care on the part of the company sufficient to overcome the presumption of negligence is one of fact for the jury, and under the evidence in the case the court did not err in submitting the issue to the jury.

Duty of Carriers of Passengers: INSTRUCTIONS. An instruction
4    "that common carriers of persons are required to do all that

human care, vigilance and foresight can reasonably do, in view of the character and mode of conveyance adopted, to prevent accident to passengers'' is a correct statement of the law.

*Appeal from Union District Court.*—HON. W. H. TEDFORD, Judge.

SATURDAY, DECEMBER 20, 1902.

ACTION at law to recover damages for personal injuries. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Cummins, Hewitt & Wright* and *P. C. Winters* for appellant.

*J. G. Bull* for appellee.

WEAVER, J.—Plaintiff, being in custody of certain live stock in the course of transportation over defendant's road, was riding in the caboose of a freight train. As the train was approaching the city of Marshalltown from the south, it was by some accident broken or separated in two parts; and, as the forward section was brought to a stop for the crossing of another railroad, the rear section overtook it, causing a collision, in which plaintiff claims to have received a severe injury. He alleges that said accident and injury were occasioned by negligence and want of skill on the part of the defendant, and without negligence on his own part. The fact that plaintiff was a passenger upon defendant's train under the circumstances stated, that the train did break in two, that a collision occurred between the sections, and that plaintiff did receive some degree of injury therein, is not seriously disputed; but the defendant contends that in the making up and management of its train it exercised all due care and vigilance for the safety of its passengers, and that there is no evidence to sustain the verdict of the jury. Complaint is also made of certain rulings of the trial court in the course of the trial, and of the charge to the jury.

I.     It is first urged that the evidence does not sustain plaintiff's claim as to the serious and permanent character of the injuries sustained by him.     It is sufficient to

1. DAMAGES: verdict.

say that upon this branch of the case the plaintiff was corroborated by several witnesses, including one or more physicians who examined or treated him, and the jury were justified in their verdict in this respect.     The amount of the damages found ($1,183) does not indicate an extravagant allowance, even if the jury failed to find the plaintiff's injuries of a permanent character. If the defendant is chargeable with negligence, as the jury has found, the only question left is the amount of plaintiff's recovery.     There can be no doubt, under the evidence, that he sustained painful bruises, and was thereby put to inconvenience and loss of time, extending over a protracted period.     Compensation for physical and mental suffering cannot be measured by any unvarying mathematical rule or standard.     For want of a better term, we say it must be "reasonable," but what is reasonable is for the jury to ascertain and assess under the facts in each particular case.     That finding, if not so flagrant and excessive as to clearly indicate prejudice or passion, the court will not disturb.

II.     One Donnor testified as a witness in plaintiff's behalf that he was a passenger in the caboose at the time of the collision, and described the circumstances attend-

2. COMPETENCY: of certain testimony.

ing the accident.     In reply to the question, "How did it affect the car you were in?" he answered, among other things, "When I got up, I began to work out, and sat down on a seat, and I noticed the boys,—the blood running from their heads."     The defendant moved to strike the latter clause of this answer as "incompetent, immaterial, and irrelevant," and to the ruling of the court denying said motion an exception is taken.     We see no error in this ruling.     The testimony tended to show that the force of the collision threw the

passengers forward "all in a bunch together in the front end of the car," and the answer of this witness helped to indicate the violence of the impact which produced the alleged injury to the plaintiff.

III.   The third and fourth propositions argued by counsel are to the eff ct that the exercise of due care by the defendant was conclusively established by the evidence, and the court should have directed a verdict accordingly.   Counsel say: "The plaintiff relied wholly, and the question was submitted to the jury, upon the *prima facie* case that was made by proof of the happening of the accident, and as to which there was in fact no dispute in the evidence.   We do not dispute the proposition that, in case of an injury to a passenger, proof of such injury, or proof of the happening of the accident which caused it, makes a *prima facie* case of negligence upon the part of the carrier; i. e., creates a presumption of negligence, which must be overcome by proof or evidence of care.

*3. PRESUMPTION: of negligence due care; jury question.*

This case, therefore, upon this proposition, resolves itself into two questions, viz.:   First.   How much proof is necessary to rebut such a *prima facie* case, or to rebut a mere legal presumption of negligence?   And, second, when the plaintiff relies wholly upon such legal presumption, and the defendant introduces pertinent and important testimony indicating care, and tending strongly to show that no negligence occurred, is the question as to whether the legal presumption is overcome by the evidence of care one of law for the court, or of fact for the jury?"   We think it hardly correct to say that plaintiff "relied wholly" upon the mere presumption which obtains from the occurrence of the injury.

It is true that he did not undertake to point out the specific defect which caused the break in the train, but there was evidence tending to establish facts which plaintiff was entitled to have the jury consider in aid of the

presumption referred to.   For instance, there was testimony from which the jury would be justified in finding that the train had been separated by reason of a broken link, and other testimony tending to show that the separation was occasioned by a broken pin.   The link was produced by the defendant upon the trial, though not offered in evidence; and defendant claims that it was a standard link of proper weight, and showed a clean, fresh break, without any indication of a defect or flaw.   But the pin was not in evidence and no one undertakes to testify to its condition or freedom from defects.   The switchmen who made up the train, and the brakeman who first discovered its separation, were not witnesses; and, while certain employes of the defendant testified that on one or more occasions during the trip they inspected the couplings by passing along the train with torch or lantern, it is obvious that there may have been defects in links or pins which proper inspection by the switchmen would have revealed, but would not be apparent upon an inspection by trainmen after the train was made up and coupled together. Moreover, one of the pins making the coupling seems to have been lost entirely.   At any rate, it is not accounted for in the testimony.   This is not to be understood as a holding or suggesting that the jury was justified in indulging in conjecture as to any specific defect in the coupling, but simply that, defendant having assumed the burden of overcoming the *prima facie* or presumptive case of negligence which it concedes had been established, it remained a question for the jury to say whether the showing of diligence and care in respect to the coupling was sufficient to relieve the company from the effect of such presumption. *Brann v. Railroad Co.* 53 Iowa, 595.

Taking this view of the testimony, it is not necessary here to decide whether, in any case where a passenger rests his right to recover damages solely upon the presumption of negligence arising from his injury, a verdict

can be directed against him because of the strength of the showing of due care on part of the defendant. It is proper, however, to observe that the right of a plaintiff to recover for injuries received rests upon the proof of facts from which the conclusion or finding of negligence may properly be derived. This being done, it rests upon the defendant by other evidence to disprove the existence of the alleged facts tending to show its negligence, or to prove the existence of other facts affirmatively establishing its exercise of due care. These are issues of fact to be determined by consideration of the testimony offered by the respective parties, the credibility of witnesses, and all the facts and circumstances developed on the trial having any bearing upon the truth of the matters in controversy. To say the least, it should require a peculiarly strong and conclusive array of proof to justify the court in withdrawing such an issue from the jury. The question thus presented involves something more than burden of proof or order of trial. *Greenfield v. Railroad Co.*, 83 Iowa, 270; *Bartelott v. Bank* 119 Ill. 259 (9 N. E. Rep. 898). There was no error in refusing to direct a verdict for the defendant.

IV. Error is assigned upon the first paragraph of the court's charge to the jury, which was as follows:

"The jury is instructed that common carriers of persons are required to do all that human care, vigilance, and foresight can reasonably do, in view of the character and mode of conveyance adopted, to prevent accidents to passengers.

"Therefore you are instructed in this case that when the defendant received the plaintiff upon its car as a passenger for hire upon the 13th of December, 1898, the defendant was bound to make up its train, couple its cars, and manage and control the same, in such a careful, skillful, and prudent manner as to carry the plaintiff with reasonable safety as such passenger. "You are therefore

instructed that if you find the plaintiff was injured by reason of the negligent acts of the defendant's agents or servants, whereby they used a defective link or pin to couple said cars; that human care, vigilance, and foresight could have reasonably discovered such defect; and you further find that the defendant did not contribute to such injury, and was using all reasonable care and caution to avoid said injury,—then your verdict would be for the plaintiff."

In support of this objection, counsel quote the rule in Fitter on Carriers of Passengers, Vol. 1, page 13: "For the safety of their passengers, common carriers are

4:  DUTY of carriers, of passengers: instructions.

required to exercise the highest degree of care reasonably to be expected from human vigilance and foresight, in view of the mode and character of the conveyance adopted, *and consistent with the practical prosecution of their business.*" It is insisted that the omission of the italicized words from the instructions operates as a misdirection of the jury. It seems to us, however, that the very thought expressed by these words is sufficiently and clearly covered by the language actually used by the court. When the jury's attention is directed to the character and mode of the conveyance, this has distinct reference to the "practical prosecution of the carrier's business," and no juror of average intelligence could be thereby misled. The lack of merit in the objection here being considered is made evident when we note that in the next following paragraph of the charge the court instructed the jury that:

"On the other hand, you are instructed that the defendant is not required to use the utmost degree of care which the human mind is capable of inventing, but is only required to use the highest degree of care and diligence which is reasonably practicable under the circumstances of the case in question. The defendant was not an insurer against accidents, nor is the defendant compelled to

insure the absolute safety of its passengers. What the defendant was required to do was to do all that human care, vigilance, and foresight could reasonably do, consistent with the practical operation of the road, in order to prevent injury to the plaintiff, its passenger."

This states the rule precisely as contended for by the defendant, and there is no conflict or inconsistency between the paragraphs.

It is further said in argument that the last clause of the first paragraph of the charge above quoted "is so confused in statement that we are at a loss to understand what meaning the court sought to convey. We infer that the court meant to say that, if human vigilance and foresight could have discovered the defect in the link or pin, that notwithstanding the defendant did not contribute to such injury, and was using all reasonable care to avoid it, still the defendant would be liable. Possibly the word and' was inadvertently omitted in the fourth line of paragraph 3, so that the sentence should have read, 'and that human care, etc.," This criticism is ingenious rather than ingenuous. The omission of the conjunction "and" between successive clauses of a compound sentence has the sanction of common usage by writers of recognized authority, and no one, whether learned or unlearned, has any difficulty in understanding what is meant. The thought of the trial court embodied in the instruction is too clear to require interpretation, and is in strict accord with appellant's own interpretation of the law of the case.

Other objections argued by counsel are necessarily governed by the conclusions already announced, and none of them can be sustained.

The judgment of the district court is AFFIRMED.