# LAKE ERIE AND WESTERN RAILROAD COMPANY v. COTTON.

[No. 6,632.    Filed March 17, 1910.]

1. CARRIERS.— *Railroads.*— *Passengers.*— *Alighting.*—*Complaint.*— A complaint alleging that the plaintiff was a passenger on defendant railroad company's train, that the brakeman announced plaintiff's destination and opened the door, that the plaintiff arose and walked to the door as the train came to a stop, that the train stopped suddenly, causing plaintiff to catch the door facing to prevent his falling, that the stop caused the door to close, catching plaintiff's hand and inflicting injury, that such injury was caused by the carelessness of defendant in opening the door, in not fastening it securely and in suddenly stopping the train, states a cause of action.  p. 581.

2. CARRIERS.—*Passengers.*—*Railroads.*—*Care.*—Railroad companies are required to use the greatest practicable care toward their passengers.  p. 583.

3. CARRIERS.— *Passengers.*— *Alighting.*— *Railroads.*— *Negligence.* —*Contributory.*—*Question for Jury.*—Whether a passenger is contributorily negligent in alighting from a train, and whether the railroad company was negligent in inviting him to alight, are questions for the jury.  p. 585.

Lake Erie, etc., R. Co. *v.* Cotton—45 Ind. App. 580.

4. CARRIERS.— *Passengers.— Alighting.— Railroads.— Complaint.
—Paragraphs.—Instructions.*—Where one paragraph alleged that the plaintiff was injured while standing in the door of defendant railroad company's coach, and another that he was on the platform, the injury in each case being caused by the closing of the door upon his hand, an instruction that the paragraphs were substantially the same is not prejudicial to the company. p. 585.

5. CARRIERS.—*Railroads.—Passengers.—Stepping Upon Platform of Coach.—Statutes.*—A passenger on a railroad train, who goes upon the platform of a car at the invitation of the brakeman, preparatory to alighting, and who is there injured because of the company's negligence, is not precluded from a recovery by §5316 Burns 1908, §3928 R. S. 1881, prohibiting a recovery, where the passenger went upon the platform in violation of the posted rules of the company. p. 585.

6. TRIAL.—*Instructions.— Inconsistency.— Estoppel.—* Appellant is estopped to complain of inconsistencies in the instructions, where such inconsistencies were caused by erroneous instructions given at its request. p. 585.

7. CARRIERS.—*Accidents to Passengers.—Presumptions.—Burden of Proof.*—Carriers are required to remove the presumption of negligence arising from the happening of an accident to a passenger. p. 586.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Carroll C. Cotton against the Lake Erie and Western Railroad Company. From a judgment on a verdict for plaintiff for $300, defendant appeals. *Affirmed.*

*John B. Cockrum* and *Shirts & Fertig,* for appellant.
*Kane & Kane* and *Gifford & Gifford,* for appellee.

MYERS, C. J.—Appellee brought this action against appellant to recover damages for injuries alleged to have been caused by appellant's negligence. The complaint was in two paragraphs, to each of which appellant's demurrer for want of facts was overruled.

The first paragraph showed that at the time of the accident appellee was a passenger on one of appellant's passenger-trains from the city of Elwood to the station of Goldsmith; that when the train approached the latter place, and was moving at a speed not to exceed one or

two miles an hour, and when within six or eight rods of the station, the brakeman, employed by appellant and on duty on said train, opened the door of the coach in which appellee was riding, pushed the door back to the full width, called the station of Goldsmith, and stepped out upon the platform of the coach; that the door was left open after the station was called, in order that passengers in the coach who desired to leave the train at Goldsmith might alight therefrom; that after the station had been called and the door had been opened for the passengers to alight, and while the train was running at the aforesaid speed, appellee arose from his seat and walked slowly in the direction of the door, for the purpose of leaving the car at the time the train reached the station; that as he approached the door, and was within two or three feet thereof, the train, for some cause unknown to appellee, but as he believes by the sudden application of the air-brakes, was given a sudden jerk or stop; that the sudden stop in the movement of the train threw appellee forward, and, for the purpose of supporting himself, he placed his left hand against the door facing of the car; that the same cause that threw him forward and caused him to support himself loosened the door from the fastening that held it open, and caused it to swing around on its hinges and close; that his act of supporting himself against the door facing and the closing of the door were so nearly simultaneous, and done with such rapidity, that he had not time to remove his fingers and extricate his hand from the closing door; that his first, second and third fingers were caught between the door and the facing. The injury to his hand is described, and the damages alleged at length.

The pleading then proceeded as follows: "That said injury was caused by the carelessness and negligence of defendant in opening said door, in calling said station, in not fastening said door securely when opened, and by the negligence and carelessness of defendant in giving said train a sudden jerk or stop by the application of the air-brakes,

by reversing the engine or by other means, thus causing the door to close and plaintiff the necessity of supporting himself; that said injury was caused by the negligence and carelessness of defendant as aforesaid, and that plaintiff was without fault or negligence on his part in all of the aforesaid matters." The second paragraph was substantially like the first, except that it alleged that appellant approached the door and stepped upon the platform, along with the conductor and brakeman, just as the train reached the station.

Appellant first insists that neither paragraph of the complaint was sufficient as against its demurrer for want of facts. In support of that contention it asserts that no facts are directly alleged in either paragraph showing that the acts or omissions of appellant causing the injury were negligently done or negligently omitted to be done; that the allegations near the close of the pleading and before quoted constitute only an attempt to show the element of proximate cause, and do not take the place of direct and substantive allegations that appellant was negligent in any respect.

This case is one of a class where the law imposes upon the company the exercise of the greatest care practicable for the safety of its passengers, and holds it responsible for an injury to a passenger caused by its negligence concerning the condition of its road, the character of its machinery and cars, the sufficiency of its equipments, and the skill and conduct of its agents and employes, the passenger being without fault. *Grand Rapids, etc., R. Co.* v. *Boyd* (1879), 65 Ind. 526; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74; *Louisville, etc., Traction Co.* v. *Worrell* (1909), 44 Ind. App. 480. In the case of *Louisville, etc., Ferry Co.* v. *Nolan* (1893), 135 Ind. 60, it is held to be the "settled law of this State that a carrier of passengers is not an insurer of the safety of its passengers, but it is required to exercise the highest degree of care to secure their safety, and it is liable to a passenger, who is himself without

fault, for any omission or failure to exercise this power, and for the slightest neglect of duty in this respect." In the case of *Louisville, etc., R. Co.* v. *Kendall* (1894), 138 Ind. 313, the complaint showed that plaintiff was a passenger, and that, without his fault, on account of the carelessness and negligence of one of defendant's agents, plaintiff was by such employe of defendant pushed from the platform of the train as it was starting, and, without his fault, he fell between the cars and was carelessly and negligently caught and run over by defendant's train and was crushed; and "that all of said injuries were caused by, and were the direct result of, said carelessness and negligence of defendant in pushing plaintiff off its said train, as aforesaid, and in carelessly and negligently running over him with its train, as aforesaid, and wholly without the fault or negligence of plaintiff." The objection was made in that case, as it is in effect here, that if plaintiff had alleged that defendant negligently pushed him off the platform, the pleading would have been good. The court held that the complaint fairly alleged "in the language last quoted from it, that defendant's negligence in pushing plaintiff from the car caused the injuries complained of, and, considering that allegation in connection with the former allegation that the act was committed by appellant's agent, there is no room to doubt that it may be fairly understood from the complaint that recovery is sought for the company's wrong inflicted by its agent in pushing plaintiff from the car." A comparison of this decision with the language of the complaint before us compels us to hold the complaint sufficient. See, also, *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360; *Baltimore, etc., R. Co.* v. *Harbin* (1903), 160 Ind. 441.

Appellant's motion for a new trial was overruled.

We find no occasion for disturbing the conclusion of the jury upon the evidence. Whether there was negligence

upon the part of appellee in arising from his seat and proceeding to the exit while the train was still in motion, running slowly as it neared the stopping place where he was to alight, was a question for the jury. *Romine* v. *Evansville, etc., R. Co.* (1900), 24 Ind. App. 230; *Cincinnati, etc., R. Co.* v. *Grames* (1893), 136 Ind. 39; *Louisville, etc., R. Co.* v. *Crunk* (1889), 119 Ind. 542, 12 Am. St. 443; *Pennsylvania Co.* v. *Marion* (1890), 123 Ind. 415, 7 L. R. A. 687, 18 Am. St. 330.

It is also insisted that the court erred in instructing the jury "that the material allegations of the two paragraphs of the complaint were substantially the same." There was no essential difference as to the nature of the cause of action between the first and second paragraphs, and there was no error in so instructing the jury. So far as it was shown in evidence that appellee had stepped with one foot upon the platform while the other yet remained within the car or in the doorway, the case did not present a cause of action for injury while riding upon the platform, within the meaning of the statute relieving the railroad company from liability for injury to a passenger upon the platform, in violation of the printed regulations of the company posted in a conspicuous place inside of the car. §5316 Burns 1908, §3928 R. S. 1881. No such notice appeared in evidence, and appellee was not riding upon the platform in the sense of the statute, but was stepping upon it for the purpose of alighting from the car, if, indeed the jolting or lurching of the car did not place him in that position.

Appellant complains of inconsistency in the instructions; but the inconsistency was caused by the giving of an erroneous instruction proposed by appellant, that there was "no evidence in the case of any defect in the fastenings or catch provided for holding the door open, nor of any negligence on the part of the brakeman in opening

the door or in adjusting the fastening; and no evidence on which you can find that the defendant was at fault in respect to the opening or closing of the door." The conductor testified that there was a catch to hold the door open; that in stopping the train, after the door had been fastened back for the stop, it was not usual for the train to jar the door loose, and for it to close; that he did not examine the catch that day, or the door as it was pushed open; that it was his duty to see that everything was in proper order. The engineer testified that when he stopped the train it was not usual for the door of the car to slam shut. One witness testified, in substance, that he was a passenger in the same coach in which appellee was riding, and as they were going into Goldsmith and the train was stopping appellee arose and started out of the car. He stepped into the doorway just as the train came to a final stop. It lurched forward, and witness saw appellee throw his hand, and immediately the door shut and caught his fingers. The lurch and the closing of the door were all done very quickly. He felt the effect of the lurch. The law imposes upon the common car-

7. rier of passengers the burden of removing the presumption of negligence which arises from the happening of an accident which causes injury to a passenger. *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 464; *Indianapolis St. R. Co.* v. *Schmidt, supra; Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428. In the case of *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, an action for injury through the falling of a window sash upon the passenger's arm, it was said: "It is the law, as already stated, that when appellee showed that she was injured without her fault, from a defective appliance of the car in which she was being transported as a passenger, a presumption of negligence arose against appellant, and remained for her benefit until negatived and overthrown by proof of other facts."

Appellant cannot be heard to complain that the disagreement between an erroneous instruction given at its request with correct instructions given by the court of its own motion, or upon the request of appellee, produces inconsistency in the instructions. Neither of the errors assigned by appellant is sustained.