Margaret Dorn v. The Chicago, Rock Island & Pacific Railway Company.

**Railroads:** INJURY TO PASSENGER: CONTRIBUTORY NEGLIGENCE: EVIDENCE. The plaintiff in this case, when leaving the passenger car of defendant in which she was riding, placed her hand on the jamb of the door leading to the platform to steady herself, when the door swung shut and injured her hand. *Held,* that under the evidence the question of plaintiff's exercise of ordinary care in placing her hand against the door jamb was for the jury.

**Same:**  CARS AND EQUIPMENT: REQUIRED CARE.  A railway company is held to the highest degree of care to provide for its passengers cars which are safe, and to equip them with proper appliances and to keep the same in repair.

**Same:**  NEGLIGENCE: PRESUMPTION: EVIDENCE.  Where the ₁attending circumstances indicate that injury to a passenger would not likely have occurred had the company exercised the care required by law for his safety, negligence on the part of the company is presumed.  In this case the care exercised by the railway company to prevent the car door from swinging shut when opened for the exit of passengers is held insufficient, as matter of law, to overcome the presumption of negligence in failing to provide and maintain a suitable fastening for the door.

*Appeal from Lyon District Court.*—HON. DAVID MOULD, Judge.

WEDNESDAY, FEBRUARY 14, 1912.

FROM judgment, awarding plaintiff damages, defendant appeals.—*Affirmed.*

*J. L. Parrish, Robt. J. Bannister,* and *E. C. Roach,* for appellant.

*S. D. Riniker,* for appellee.·

LADD, J.—As the plaintiff stepped from the doorway of defendant's passenger car, immediately after the train had stopped at Little Rock, she put her hand on the jamb of the door, and as she turned on the platform to go to the steps, the door swung to and crushed the joint on her ring finger so that it was necessary to amputate it.  The conductor previously had opened the door, immediately after the announcement of the station, swinging it back so that a catch attached two or three inches from the top fastened into a spring or slot attached near the top of the gentlemen's closet door.  The evidence showed that the door was

not loosened by any person. There was some testimony that one rail of the track might have been a little higher than the other, but this was shown by the evidence of the conductor not to be sufficient to have interfered with the fastening. When both doors were open, as they were at the time, a draught or current of air is said to have passed through the car, the night being warm and dark, and all windows open. The shape of the part fastened to the car door is indicated by the drawing "A" and that attached to the closet door by "B":

"A" was fastened to the car door with two screws, as indicated by lines at the base, and "B" fastened with three screws, indicated in the same way. By turning the two side screws in "B," the lips into which "A" entered were brought closer together and held "A" the more firmly, and, of course, by turning them the other way, the hold was weakened. As the door was swung open, plaintiff heard these come together and shortly thereafter walked through the doorway, being the last to leave the car. Some time before she had opened the door so that the catch fastened, walked out on the platform to look for the conductor, as she contemplated going on to Rock Rapids instead of getting off at Little Rock, and, upon reentering, she had stood for a few moments near the doorway, when the door swung against her shoulder. The conductor and brakeman examined the catch, some little time after leaving Little Rock and both testified that the parts of the catch seemed to be securely fastened, the conductor saying that they did not

observe whether the catch on the closet door was screwed down tightly or otherwise, and the brakeman that he opened and shut the door and did not observe anything wrong with the catch. Upon this showing, the defendant contends that there was not sufficient evidence to carry the case to the jury.

I. The issue as to whether plaintiff in what she did was in the exercise of ordinary care was for the jury. Of course she knew, as everyone else does, that if the door shut

1. RAILROADS: injury to passenger: contributory negligence: evidence.

on her hand, it likely would be injured; but announcing the station, swinging the door open so as to fasten it by the conductor, was in the nature of an assurance that those desiring to get off might pass through the door safely. The night was dark, and, not unnaturally, plaintiff took hold of the most accessible object—the door jamb—to steady her as she passed onto the platform and turned to go down onto the steps. She had heard the catch as the door slammed back, and though she knew that it had swung against her when the train was in motion, it can not be said that in turning toward the steps, in the darkness, she was negligent in not apprehending the door might become unfastened and swing shut while the car was standing still. Nor was she bound to make nice calculations of the effect of the current of air through the car on the fastening of the door when swung back so as to cover a corner, but might proceed on the theory that the appliances were sufficient, at least, to meet ordinary conditions. Naturally enough, her mind was bent on reaching the depot platform, and it should not be said, as a matter of law, that, under the circumstances disclosed, she was negligent in placing her hand where she did in attempting so to do.

In *Texas & P. Ry. Co. v. Overall*, 82 Tex. 247 (18 S. W. 142), the passenger was standing on the platform with his hand on the door jamb when the brakeman or a woman shut the door, and it was held that he was negligent

in so placing himself. The distinction is plain. The plaintiff had not taken up her position on the platform, but was using it as a means of exit.

In *Richardson v. Railway* (1868), C. P. 37 Law Jour. 300, the door was shut by the guard in the performance of his duty after directing the passengers to take their places. Neither of these cases nor others cited by appellant are inconsistent with our conclusion which finds direct support in decisions subsequently cited.

II. It was the defendant's duty to provide a car which was safe, to equip it with proper appliances, and to keep these in repair, and therein the highest degree of care was exacted. 6 Cyc. 621. 3 Thompson on Negligence, section 2720 *et seq.* See *Louisville Ry. Co. v. Park,* 96 Ky. 580 (29 S. W. 455), where the step to a car was worn and slippery. *International & G. N. Ry. Co. v. Anthony,* 24 Tex. Civ. App. 9 (57 S. W. 897), where a seat in the coach fell. Precisely in point are: *Silva v. Railway,* 204 Mass. 63 (90 N. E. 547); *Lake Erie & W. Ry. v. Cotton,* 45 Ind. App., 580 (91 N. E. 253).

2. SAME: cars and equipment: required care.

Appellant has cited a number of cases not in point, and we do not deem it necessary to enter upon a discussion of a proposition which seems to be foreclosed in principle and by authority.

III. It is farther contended that inasmuch as the evidence did not affirmatively show some defect in the catch or its condition, a *prima facie* case of negligence was not made out. The rule is well established in this state that upon proof that a person has been injured while a passenger, and the attending circumstances are such as to indicate that the injury would not likely have occurred had the carried exercised the care exacted by the law, negligence on its part will be presumed. *Larkin v. Ry.,* 118 Iowa, 652; *Whittlesey v. Railway,* 121 Iowa, 597; *Cronk v. Railway,* 123 Iowa, 349;

3. SAME: negligence: presumption: evidence.

*Fitch v. Railway,* 124 Iowa, 665; *Mitchell v. Railway,* 138 Iowa, 283. Though the fastening should not be so firm as to require excessive force to close the door, the evidence warranted the conclusion that it was unusual for a door properly fastened, to become loose, without the application of force, and swing shut, when a car is standing still, and this, in connection with proof of the resulting injury, was enough to raise a presumption that the catch was not in condition to hold the door as designed, and that defendant in not so keeping it had been negligent, and unless the evidence was such as to meet this presumption a case was made out for plaintiff. As precisely in point, see *Lake Erie & W. Ry. v. Cotton, supra; Silva v. Railway, supra.* In *Skinner v. Railway,* 128 N. C. 435 (39 S. E. 65), relied on by defendant, the door was not shown to have been fastened, and was swung shut by the movement of the train while decedent was standing on the platform with one hand on the door jamb. In *Graeff v. Railway,* 161 Pa. 230 (28 Atl. 1107, 23 L. R. A. 606, 41 Am. St. Rep. 885), a door in the station with a key eye extending out nine-sixteenths of an inch and four feet ten inches from the bottom was thrown against complainant by a stranger rushing in, and the court held the defendant not negligent in using the key eye as it did, and not responsible for the act of the stranger. Neither of these decisions meet the facts as disclosed in the case at bar.

But appellant contends that the evidence overcame the presumption mentioned. In *Murphy v. Railway,* 89 Ga. 832 (15 S. E. 774), it affirmatively appeared that there was no defect, and in *Kelly v. Ry.,* 109 N. Y. 44 (15 N. E. 879), that the defendant had taken every precaution possible. Here the defendant merely proved that it employed two inspectors at Cedar Rapids whose duties were, one in the day and the other at night, to examine the window and door fastenings, the door locks and the like, in order to correct anything found to be wrong. It seems

needless to add that this falls far short of proof of adequate inspection, or that the car had ever been inspected prior to the injury. The circulation of air through the car at the time was, according to the only witness on the subject, due to the warm weather, and, as the windows were open, could not well have been sufficient to force the door, rest ing across the corner, open—at least the jury might so have found. The catch on the door should have been so fastened as not to be lightly moved, and as said in *Silva v. Ry., supra:* "If it had worked properly, the jury could find that the door would not have shut, and the accident would not have occurred. If they so found, the jury could find that the door would not have shut, and the accident would not have occurred. If they so found, they could draw the inference that either there was some defect in the construction of the door or the catch, or in the adaptation of the parts to each other, or that the brakeman had neglected to push the door firmly against the catch so as to secure it properly. In either case, they could find negligence for which the defendant would be responsible. . . . If this accident happened without the intervention of anyone for whose conduct the defendant was not responsible, and by reason of the failure of its appliances to work as they were designed to work, and as they should have worked, this, if left unexplained, would warrant an inference of negligence on its part."

The subsequent examination of the catch by the conductor and brakeman was casual, for neither noticed whether the side screws of the part attached to the closet door were so adjusted that the catch would fasten so as to hold firmly. Our conclusion is that the evidence was such as to carry the issues to the jury, and that the law was correctly stated in the instructions.—*Affirmed.*