THEODORE DIECKMANN, Administrator of the Estate of Frederick J. Dieckmann, Appellant, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.

**Railroads:** NEGLIGENCE: SPEED OF TRAINS: INSTRUCTIONS.  Where
1  plaintiff charged that defendant's train, which struck and killed
decedent while crossing the track to reach another train, was being
run at a negligent rate of speed, "more than 20 miles per hour,"
a like statement of the ground of negligence in one of the court's
instructions was not erroneous, when the jury must have understood from the instructions as a whole and from the evidence that
no particular rate of speed constitutes in itself negligence as a
matter of law, and that if the train was moving at a dangerous
speed, though less than twenty miles per hour, it would be negligence.

**Same:** DUTY TO PASSENGERS: CARE REQUIRED.  It is the duty of a
2  railway company in the transportation of passengers to exercise the
highest degree of care for their safety which is reasonably consistent with the practical operation and conduct of its business; it is
not required to take every possible precaution for their safety.  The
instruction in this case states the rule correctly.

**Instructions:** REFUSAL OF REQUESTS: WAIVER OF OBJECTION.  Where
3  the substance of requested instructions is included in those given,
or where that portion of instructions objected to was in the language
substantially of those requested, the appellant is not in position to
complain of the same.

**Same:** INSTRUCTION: LAST CLEAR CHANCE.  Where the presence of one
4  upon a railway track was not discovered until the train was about
to strike him, the doctrine of the last clear chance has no application, and refusal of an instruction based thereon was proper.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION for damages resulted in judgment for the defendant.  The plaintiff appeals.—*Affirmed.*

*Chas. A. Clark* and *Atherton B. Clark,* for appellant.

*Grimm & Trewin,* and *George E. Hise* and *James C. Davis,* for appellee.

LADD, J.—The cause was here before (*Dieckmann v. Railway,* 145 Iowa, 250), and the facts as there recited need not be repeated. Verdict was again returned for the defendant; this time the jury passing on the issues raised by the pleadings.

The exceptions are to the instructions. Plaintiff's decedent was struck at De Witt by a passenger train coming from the east as he was passing from the depot over double
1. RAILROADS: tracks to the platform, and this was alleged
negligence: in the petition to have been owing to one or
speed of train: more of three grounds enumerated in the
instructions. fourth instruction, which read:

Under the allegations of plaintiff's petition, the only negligence with which plaintiff charges defendant is: First. That the train which struck Frederick J. Dieckmann approached the crossing where Dieckmann was struck at an unlawful, dangerous and negligent rate of speed of more than twenty miles an hour. Second. That the defendant railway company negligently failed to give said Dieckmann timely and sufficient notice of the approach of said train so that he might safely go from the depot to the south platform to take his train for Cedar Rapids. Third. That the defendant's agent negligently undertook to, and did, conduct, lead and direct the said Dieckmann upon the crossing in front of the rapidly approaching train. Unless the jury believe that the defendant was negligent in one of these particulars above set forth, and also find that the said Dieckmann was not guilty of negligence directly contributing to the injury, your verdict should be for the defendant.

This is criticised for that, as is said, it exacted a finding that the train must have moved faster than twenty miles an hour to constitute negligence. The instruction, it will be observed, purported only to state the negligence of which defendant was charged, and this ground was mentioned in the

language of the pleader. It does not purport to define what must be proven to establish any of these, but, after enumerating them, informs the jury that, in order to recover, one of them must at least be established, and also that he must have been without fault. Later on, each of these grounds is taken up and the jury told precisely what must be proven in each to warrant a finding against the defendant. Three instructions bear on this particular ground of negligence, and these may be set out:

It is claimed by the plaintiff that the train which struck Mr. Dieckmann approached the crossing where the accident occurred at an unlawful, dangerous and negligent rate of speed of more than twenty miles per hour. In the operation of said train, the defendant is charged with knowledge that the passengers for such train were required to cross its tracks to the south platform before said train arrived at the station, and it was the duty of the defendant to so run its train in approaching the station and crosswalk between the two platforms, as not carelessly or needlessly to expose its passengers, crossing to the south platform, to needless and excessive danger.

The law does not fix or designate any particular rate of speed at which trains may be run or operated. And whether defendant was negligent in running its train at the rate of speed, which the evidence shows the train in question was running when the deceased was struck, is a question of fact for the jury to determine from all the facts and circumstances given in evidence before you. In determining that question, the jury may consider the kind of train it was; the manner of its equipment and operation, the condition of its braking appliances; whether the engine and cars were under the control of the engineer in charge of the same; the fact that the train stopped at De Witt for water; the manner it approached the station, and the speed it was running as it neared the crossover in question, and from these, and all the facts and circumstances in evidence before you, you will determine whether said train was run at such high, excessive, and improper rate of speed as to amount to negligence on the part of the defendant.

If you find that said train was run at an excessive and negligent rate of speed at the time it struck the deceased, and

that such excessive and negligent rate of speed was the direct and proximate cause of decedent's injuries, then your verdict will be for the plaintiff, unless you further find that decedent was guilty of contributory negligence, as explained in these instructions, and, if he was so guilty, then your verdict will be for the defendant, notwithstanding the negligence of defendant.

If you find from the evidence that the speed of the train on approaching the crosswalk and in striking plaintiff's intestate was excessive and negligent as already defined, then the fact, if it be a fact, that it had been usual and customary to run said train past said depot and over said crosswalk at the same rate of speed, would not justify or excuse defendant for running its train at an excessive and negligent rate of speed at the time of the accident, if it did so run said train.

At the outset, it will be noted the claim of the plaintiff was accurately stated. Of course, the words ''of more than twenty miles per hour'' might as well have been omitted; but these were as found in the appellant's petition. Their use, however, in the fourth instruction as well as in the eleventh, in the light of these three paragraphs of the charge, could not have misled the jury.

The only witness who expressed an opinion as to the speed of the train fixed it at eight or ten miles an hour, admitting that his estimate on the former trial was ten or twelve miles an hour and the evidence that the customary speed at that point was from six or eight to twelve miles an hour was undisputed. Under this evidence and these instructions, the jury must have understood that the law denounced no particular rate of speed to be negligent, and therefore that if the train moved at a dangerous speed this would be negligent, even though moving slower than twenty miles an hour. This was emphasized by directly submitting ''whether the defendant was negligent in running its train at the rate of speed which the evidence shows the train was running when deceased was struck,'' and later on in the thirteenth instruction, in saying that even though moving at the customary speed, if this were found to be negligent, the fact that it was customary

would furnish no excuse.   These instructions were not contradictory of nor inconsistent with the fourth instruction, but explanatory of what was necessary to warrant a finding that the defendant was negligent in the speed of its train. Were the instructions necessarily contradictory, such decisions as *Platt v. City of Ottumwa*, 136 Iowa, 221; *Christy v. Railway*, 126 Iowa, 428, and other like decisions, would be controlling; but as these were not we are of opinion that construed together they carried to the jury a correct interpretation of the law applicable to the case.

II.   The sixth and other instructions, defining defendant's obligation to passengers as that of exercising the highest degree of care and foresight for their safety and protection, included the qualification "reasonably consistent with the practical operation of its railway and the conduct of its business."

2. SAME: duty to passengers: care required.

This amounted to no more than directing the attention to the nature of defendant's business of carrying human beings at a high rate of speed and by means of vehicles of great power developed by steam.   The care exacted is to be measured in view of what is undertaken.   The carrier is not required to take every possible precaution against injury to passengers, for that would prevent the performance of its duty of conveying with expedition.   The means of locomotion by rail, while necessary to speed and carrying capacity, are known to be somewhat hazardous, and dangers inhering in the particular mode of travel are necessarily assumed by the traveler. These are all that are obviated by the qualification inserted in the instructions, and the language used finds express approval in *Pershing v. Railway*, 71 Iowa, 561.   See, also, *Larkin v. Railway*, 118 Iowa, 652; *Johnston v. Railway*, 141 Iowa, 114; *Hutcheis v. Railway*, 128 Iowa, 279; *Chicago City Ry. v. Smith*, 226 Ill. 178, (80 N. E. 716) ; 4 Elliott on Railroads, Section 1831; 6 Cyc. 591.   There was no error.

III.   The first instruction requested was in substance included in the seventh given, the second requested in the eighth

given, and the third, fourth, fifth asked were carried into the

3. INSTRUCTIONS: refusal of requests: waiver of objections.

ninth, eleventh and fourteenth which were given, respectively. As the substance of those requested were incorporated into the instructions given, there was no error in refusing them; and, as the portions of those given to which exception is taken were in the language substantially of those requested, appellant is not in a situation to complain. Some of the special interrogatories did not call for ultimate facts, but they were not of a nature to mislead or confuse the jury, even though affirmative answers tended to lead up to the verdict returned.

The sixth instruction requested was predicated on the doctrine of the last fair chance. As the undisputed evidence showed that the engineer did not see decedent until the train

4. SAME: instruction: last clear chance.

was six feet from him, and that he could not then have stopped his engine in time to have avoided the collision, there was no error in its refusal. *Bourrett v. Railway,* 152 Iowa, 579.

Discovering no reversible error, the judgment is *Affirmed.*

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.