## Terre Haute Electric Railway Company *v.* Lauer.

[No. 2,507.   Filed January 26, 1899.]

Negligence.—*Street Railways.*—*Passenger Riding on Platform.*—It is not negligence *per se* for a passenger on a street railway to ride upon the platform; negligence in such case is a question of fact for the determination of the jury.   *p. 468.*

Street Railways.—*Passenger.*—It is the duty of a passenger on a street car to follow the reasonable instructions, and rely on the judgment of those in charge of the car in regard to moving from one part of the car to another, unless it is apparent to the passenger that the movement would be attended with danger, and a request to vacate seats in favor of ladies is not unreasonable.   *pp. 468, 469.*

Evidence. — *Weight.*—The Appellate Court will not disturb a verdict on the evidence where there is evidence which tends to support it on every material point.   *p. 469.*

Practice.—*Proving Facts as Alleged.*—The plaintiff is required to prove only such facts alleged as amount to a cause of action, and they need not be proved precisely as alleged.   *pp. 471, 472.*

Instructions.—*Personal Injuries.*— *Words and Phrases.*—An instruction that plaintiff cannot recover for fright, mental suffering, or nervous shock, unless they grew out of or were the result of the "personal injuries" received, is equivalent to an instruction that he could not recover for fright, pain, or suffering, or for nervous shock unless the same grew out of or was connected with "bodily injuries."   *pp. 475, 476.*

Same.—*Inaccuracies.*—A judgment will not be reversed on account of inaccuracies of expression in the instructions, where the instructions taken as a whole are not misleading.   *pp. 475, 476.*

Evidence.—*Depositions.*—*Practice.*—Where a witness whose deposition had been taken testified in the trial of the cause, and was cross-examined as to a part of the deposition, no error was committed in permitting the entire deposition to be read in evidence, notwithstanding the witness had testified fully as to the matters therein in his examination in chief.   *p. 476.*

From the Clay Circuit Court. *Affirmed.*

*George A. Knight* and *McNutt & McNutt,* for appellant.

*Azro Dyer* and *John Brownlee,* for appellee.

Comstock, J.—This action was commenced in the

superior court of Vigo county, and tried in the Clay Circuit Court upon change of venue. The complaint is in one paragraph, and charges, in substance, that on the 2nd day of October, 1895, the defendant was a corporation duly organized under the laws of Indiana, engaged in operating an electric street railroad in the city of Terre Haute; that on the night of said day the plaintiff went into a car of the defendant, occupied a seat therein, and paid defendant's conductor in charge of said car the sum of five cents, and was received as a passenger on said car; that, proceeding on its way, said car became crowded with passengers, several of whom were ladies, and said "conductor in charge of said car requested that some of the gentlemen passengers should vacate their seats in favor of such ladies, and stand and ride upon the rear platform of said car, and thereupon, in obedience to said request, this plaintiff gave up his seat and stood and rode upon the rear platform of said car;" that while so riding, the defendant carelessly and negligently, with great force and violence, suddenly, at a high rate of speed, ran another of its cars against and into the rear platform of said car upon which plaintiff was standing, and thereby crushed and broke said platform, and caught, mashed, and crushed plaintiff's body between the ends of said cars, thereby injuring, wounding, and bruising plaintiff's side, hips and thighs. That said injuries were not caused through any fault or negligence on his part, and that by reason of said injuries he has suffered, and still suffers, great mental anguish and physical pain; that he has been compelled to expend a large sum of money for medical attention, etc., that he has been permanently disabled, and rendered incapable of performing and following his vocation, to wit, that of real estate broker, receiver, assignee and trustee; that his health has been impaired, and that

by reason of said injuries plaintiff has sustained damages in the sum of $20,000. The cause was put at issue by general denial, tried by jury, and a verdict returned in favor of appellee, upon which a judgment was rendered for $1,500.

The first and second specifications in the assignment of errors question the sufficiency of the complaint; the third, the action of the court in overruling appellant's motion for a new trial.

In questioning the sufficiency of the complaint, appellant's learned counsel do not insist that it is negligence *per se* for a passenger to ride on the rear platform of a street car, but claim that it was negligence for appellee to leave a place of safety, which he was occupying for a place obviously more or less dangerous, upon the general request of the conductor. That there is nothing in the complaint to show that when he surrendered his seat he might not have remained standing in the car, instead of on the platform on the outside; that there is no allegation that there was not room for appellee to stand on the inside of the car. The proposition that it is not negligence *per se*, but a question of fact for the jury, for a passenger on a street railway to ride upon the platform, has been decided in many decisions. *Marion, etc., R. Co.* v. *Schaffer*, 9 Ind. App. 486; *Nolan* v. *Brooklyn, etc., R. Co.*, 87 N. Y. 631; *Maguire* v. *Middlesex R. Co.*, 115 Mass. 239; *Burns* v. *Bellefontaine R. Co.*, 50 Mo. 139; *Chicago, etc., R. Co.* v. *Fisher*, 141 Ill. 614, 31 N. E. 406; *Beal* v. *Lowell, etc., R. Co.*, 157 Mass. 444, 32 N. E. 653. Whether one ride on the platform of his own motion, or upon the request of the conductor, would not be material. The rule would be the same in either instance. We think it clear, too, that it is the duty of the passenger to follow the reasonable instructions, and rely on the judgment of those in charge of the car

in regard to moving from one part of the car to another, unless it is apparent to the passenger that the movement would be attended with danger. *Prothero* v. *Citizens, etc., R. Co.*, 134 Ind. 431; *Cincinnati, etc., R. Co.* v. *Carper*, 112 Ind. 26; *Louisville, etc., R. Co.* v. *Kelly*, 92 Ind. 371. The fact that appellee responded to a general request, which appealed to him as directly as to any one else in the car, should not deprive him of any right he would have had, growing out of a compliance with a request addressed to him individually. A further objection made to the complaint is that the request was unreasonable. The request to gentlemen to vacate seats occupied by them in a crowded public conveyance, in favor of ladies who would otherwise stand, is not, in this country, so regarded.

Under the third specification of the assignment of errors, to wit, the overruling of appellant's motion for a new trial, appellant's counsel discuss together the first and second reasons respectively given for a new trial, viz, that the "verdict of the jury is not sustained by sufficient evidence;" and "the verdict of the jury is contrary to law." We believe it would serve no good purpose to quote largely from the evidence, which is voluminous. We deem it sufficient to say, in passing upon these reasons for a new trial, that, while the testimony is conflicting, there is evidence which fairly tends to support the verdict on every material point. In view of the whole record, the objection urged, that there is a variance between the proof and the allegations of the complaint, is not well taken. It is only required that the evidence fairly tends to prove the substance of the issue tendered by the pleading, and this it does. Under the familiar rule of appellate courts, the judgment cannot, therefore, be disturbed.

Appellant next objects to instruction number eight, given to the jury, upon the ground that there was no

evidence to which it was applicable. Said instruc-
tion is as follows: "It is the duty of the passenger
on the car to follow the reasonable instructions and
directions of those in charge of the car, in regard to
moving from one point of the car to another, unless it
is apparent to the passenger, in exercising ordinary
care, that the movement would be attended with dan-
ger; and a passenger may rightfully assume that the
servants in charge of the car are familiar with its
operations, and that they have a reasonable knowl-
edge of what is safe and prudent for the passenger,
in giving such instructions or directions. Therefore
if in this case one of the servants of the defendant—
the conductor in charge of the car—directed the plain-
tiff to stand on the platform, where he was standing
when the accident occurred, it was the duty of the
plaintiff to do so, unless it was known and apparent
to him at the time that it would be unsafe for him
in the exercise of ordinary care and prudence to leave
the car and stand upon the platform; and if, while
standing upon the platform, you find he was injured
without any fault of his, but while standing there at
the direction of the servant of the company, then, un-
der these circumstances, even though you should find
that his position was an unsafe one, yet this would not
defeat plaintiff's right to recover, provided the danger
was not apparent to him when he obeyed the instruc-
tions given, and took his position on the platform."
One criticism made by appellant's learned counsel of
this instruction, is that "there was no evidence that
the conductor in charge of appellant's car directed the
plaintiff to stand on the platform." There was evi-
dence that the conductor requested passengers to ride
upon the platform. The conductor represents the com-
pany in the management of the car, so far as concerns
the location of passengers. A request from one clothed

with authority is practically equivalent to a direction. There is no substantial difference in the meaning of the words "request" and "direction," in the connection in which they are respectively employed in the complaint and instructions. But counsel contend that, if the request can be construed to be a direction to the plaintiff to stand on the platform, that it was error for the court to instruct that it was the duty of appellee to do so, as stated in the instruction. What we have heretofore stated as to the sufficiency of the complaint upon the duty of the passenger to follow the reasonable directions of those in charge of the car, is applicable to this instruction.

Appellant's next objection is to instruction number eleven, which is to the effect that, even though the jury find from the evidence that the conductor did not direct appellee to stand upon the platform, that fact of itself would not necessarily defeat his right to recover in this action; the question still remaining for the jury to determine whether, under the circumstances, plaintiff was guilty of negligence in leaving the inside of the car and standing on the platform, in the absence of any instructions from the conductor. Counsel contend that the complaint proceeds upon the theory that the actionable character of the negligence complained of, as to each of the facts, to wit, the collision, and the riding on the platform by appellee at the request of the conductor, is made by the complaint to depend to some extent on the existence of the other fact. It is not negligence *per se* for a passenger to ride upon a platform of a street car, going there directly from the street or from the inside of the car, as the authorities cited hold. The theory of the complaint is that appellee was injured by a collision of one car of appellant with another, caused by the negligence of appellant's servants. That was the cause of action, and it

devolved upon appellee to prove only such facts alleged as amounted to a cause of action, and they need not be proved precisely as alleged. *St. Louis, etc., R. Co. v. Valirius*, 56 Ind. 511; *Phoenix, etc., Co. v. Hinesley*, 75 Ind. 1; *Owen* v. *Phillips*, 73 Ind. 284; *Standard Oil Co.* v. *Bowker*, 141 Ind. 12; *Terre Haute, etc., Co.* v. *McCorkle*, 140 Ind. 613.

The twelfth instruction, to which appellant objects, is as follows: "If you find from the evidence in the cause that the plaintiff was a passenger on one of defendant's cars, and was occupying a seat inside, in a safe place; and you further find that said car was crowded with passengers, and all the seats were taken, and that the plaintiff arose and vacated his seat to accommodate some lady passengers who had entered the car, and that, on account of the crowded condition of said car. instead of standing therein he voluntarily left it and passed out upon the platform, and remained standing on the outside, where the accident occurred, —then as to whether or not in so conducting himself he was guilty of negligence is a question of fact, which I submit to you. If his conduct in this respect, in doing what he did under the circumstances, was the conduct of an ordinarily prudent and cautious man, then he was not guilty of negligence. If, on the other hand, in going out upon the platform, under the circumstances, he did that which a prudent and cautious person would and ought not to do, then he would be guilty of negligence." We think it fairly states the law applicable to the case.

The thirteenth instruction, also objected to, is to the effect that if the conductor on one of the cars of defendant was so drowsy and sleepy that he was unable to, and did not, give proper attention to the management of his car, and by reason thereof he carelessly and negligently permitted the car to run into and against

Terre Haute Electric R. Co. *v.* Lauer.

the car upon which plaintiff was riding, thereby injuring him, the defendant was negligent, and plaintiff would be entitled to recover, provided all other material elements of the complaint had been established. The objection made to this instruction is the statement that the mere fact that the conductor became drowsy and sleepy, so that he was unable to, and did not, give proper attention to the car, whereby plaintiff was injured, constituted actionable negligence. It is claimed that this statement is erroneous, without any statement as to whether his condition was caused by negligence, or whether his condition was known to appellant or any of its agents. This instruction is not unobjectionable, but, considered in connection with those given, we think it could not have misled the jury.

The reasons from twelve to twenty-two in the motion for a new trial question the rulings of the court in refusing to give to the jury instructions asked by appellant. The second instruction asked by appellant and refused by the court is as follows: "The plaintiff, in order to recover in this cause, must prove his case according to the allegations and theory of his complaint. His complaint proceeds upon the theory that he was instructed by the conductor to ride upon the platform, and that the conductor undertook to carry him safely while so riding. If he fails to sustain this theory, you should find for the defendant, provided you also find that he would not have been injured had he remained inside the car." In this we think there was no error. Appellee had the right to ride upon the platform without the request of the conductor. Appellee was not bound to prove the facts precisely as alleged. What we have said in reference to instruction eleven, given by the court, makes it unnecessary to say more upon this instruction.

The third, fourth and fifth instructions refused are as follows: "Third. If the plaintiff left his seat inside the car, and voluntarily went on the platform without the request of the defendant or its agent, the conductor, while there was ample standing room inside, then the plaintiff is presumed to have assumed the increase of risk incident to riding on the platform instead of inside the car. And if you find such is the case, and if you further find plaintiff would not have been injured had he remained inside the car, you should find for the defendant. Fourth. Before the plaintiff can recover in this case, he must prove either that the car was so crowded that he could not conveniently sit or stand inside of the car, and went onto the platform on account thereof; or he must prove that he was asked or directed by the conductor to stand upon the platform. Fifth. A passenger who rides upon the rear platform of an electric street railway car, when there is ample room inside of the car, in which there are pendant straps, to which a person may hold while standing, is guilty of contributory negligence; and if an injury result to him which would not have occurred had he been inside the car, he cannot maintain an action against the carrier operating the car." These instructions were correctly refused. The court will not presume that it is dangerous to ride upon the rear platform of a street car, and it is not negligence *per se* to do so, with or without directions from the conductor.

The sixth and seventh instructions refused present the same legal question heretofore discussed, viz, that it devolved upon the plaintiff to prove his case by a preponderance of the evidence upon the theory of the complaint. They were properly refused. As above stated, it was not necessary for appellee to prove all the allegations of his complaint precisely as alleged.

The ninth instruction asked by appellant is that appellee could not recover for "fright, pain, or suffering or for nervous shock, unless the same grew out of, or was connected with bodily injury." The tenth instruction is to the same effect, except that it states that the appellee could not recover, unless the nervous shock, etc., was the result of, or connected with, the bodily injuries described in the complaint. The eleventh is that the plaintiff cannot recover at all, unless he received a bodily injury. The three instructions last named were asked and refused, but the court gave instruction number fifteen, which is as follows: "The plaintiff can only recover, if at all, for the injuries described in the complaint, and cannot recover for other or different injuries; nor can he recover for fright or mental suffering or nervous shock, unless they grew out of, and were the result of, the personal injuries received, if you find he received any."

The standard dictionaries define the word "bodily" to mean,—pertaining to or concerning the body; of or belonging to the body or to the physical constitution; not mental, but corporeal,—and the word "personal" as pertaining to the person or bodily form. The expression "great personal injury" has been said to be equivalent to the expression "great bodily harm." 2 Abbott's Dict., 273. A personal injury is an injury to the person of an individual, as an assault is distinguished from an injury to one's property. 2 Rap. & Law. Law Dic., 955. If we admit, as claimed by appellant, that the terms "personal injuries" and "bodily injuries" are not "necessarily equivalent," yet the jury could only have understood from instruction fifteen given that the appellee was entitled to recover only for mental suffering growing out of the bodily injuries he received. The instructions, taken together,

state the law applicable to the case; and, under the decisions of this State, even if, in some of them, when separately considered, there were inaccuracies of expression, the judgment should not, on that account, be reversed, if as an entirety they are not calculated to mislead the jury. *Seibert* v. *State*, 95 Ind. 471; *McCarty* v. *Waterman*, 96 Ind. 594; *Gallaher* v. *State*, 101 Ind. 411; *Cline* v. *Lindsey*, 110 Ind. 337; *Deig* v. *Morehead*, 110 Ind. 451; *Indianapolis, etc., R. Co.* v. *Watson*, 114 Ind. 20; *Hutchins* v. *Welden*, 114 Ind. 80; *Louisville, etc., R. Co.* v. *Wright*, 115 Ind. 378, 396.

The remaining alleged error discussed is the permitting of appellee to read in evidence to the jury the deposition of one Buchannan. Prior to the trial appellee had taken the deposition of Buchannan in the state of Illinois. Buchannan, the witness, was present and testified fully at the trial of the cause. On cross-examination, the witness was asked respecting the testimony given in the deposition, and for the purpose of impeachment, only, four questions and answers thereto were read in evidence by appellant to the jury, whereupon the court, over the objection of appellant, permitted appellee to introduce in evidence the whole of said deposition. Appellant's learned counsel admit that it would be competent to read such portions of the deposition as would tend to explain or qualify the portions introduced by appellant, but that it was not proper to permit appellee to have the benefit of a repetition of all the testimony of the witness. The ruling of the court is sustained by Jones on the Laws of Evidence, section 703, and authorities there cited; and in *Harness* v. *State, ex rel.*, 57 Ind. 1; *Converse* v. *Meyer*, 14 Neb. 190; *Carey* v. *City of Richmond*, 92 Ind. 259.

We find no error for which the judgment should be reversed. Judgment affirmed.

Henley, J., took no part.