FRANK J. HEINZE, Appellant, v. INTERURBAN RAILWAY COMPANY.

**Interurban railways:** PASSENGERS: NEGLIGENT OPERATION OF CAR.
1 Where an interurban conductor was advised by a passenger that he wished to alight at a certain street and so signaled the motorman, saw the passenger move toward the rear of the car for the purpose of alighting, and knew or should have known that the car had slackened its speed as if about to stop as requested, those in charge of the car were bound to see that the passenger was not in the act of alighting before starting the car, which was not at a full stop, with unusual violence.

**Same:** CONTRIBUTORY NEGLIGENCE. A passenger on an interurban
2 car is not negligent as a matter of the law in taking a position on the step of the car, for the purpose of alighting, after the car has commenced to slacken its speed in response to his request to alight and the conductor's signal to the motorman.

*Appeal from Polk District Court.*— HON. WILLIAM H. Mc-
HENRY, Judge.

THURSDAY, JULY 9, 1908.

SUIT to recover for personal injuries. There was a
directed verdict for the defendant, and from a judgment
thereon the plaintiff appeals. *Reversed* and former opinion
withdrawn.

*Hume & Hamilton,* for appellant.

*N. T. Guernsey* and *Parker, Hewitt & Wright,* for ap-
pellee.

SHERWIN, J.— The defendant operates a railroad from
the corner of Sixth and Mulberry streets to and beyond East
Sixteenth street in the city of Des Moines. Its cars do not
stop at all street intersections; but there are stations several
blocks apart at which it receives and discharges passengers
who are either leaving the city or coming thereto. There was
evidence in the record from which the jury would have been
justified in finding the following facts: That the plaintiff
had bought a ticket from the defendant entitling him to
transportation from the starting point of defendant's line to
East Sixteenth street, and that he entered one of the defend-
ant's regular passenger cars at the former point; that when
the car was within about a block of the plaintiff's destination
he left his seat, handed his ticket to the conductor, and told
him that he wanted to get off on Sixteenth street; that there
was another passenger on the car for the same station, who
had also notified the conductor of his destination; that about
fifty feet before the car got to Sixteenth street the conductor
gave the motorman the usual signal for stopping the car at
Sixteenth street; and that the plaintiff heard the signal and
understood what it meant. It was also shown that the other
passenger, Mr. Swanders, had been in the vestibule of the

car during its trip toward Sixteenth street; that as the car approached the street it slackened its speed; and that, when it started across Sixteenth street, he and the plaintiff stepped from the vestibule onto the car step, both of them taking hold of the railing provided for the purpose, and intending to alight when the car came to a full stop. The car was at that time moving slowly; but almost immediately after the plaintiff and Swanders had stepped down onto the step it gave a sudden and severe lurch, throwing both of them from the step to the street at a point between the middle and east side of the street. The car did not stop at the street.

We think the questions of the defendant's negligence and of the plaintiff's freedom from contributory negligence were for the jury, and that a verdict for the defendant was improperly directed. It is conceded that the appellant as a carrier of passengers was bound to exercise the utmost diligence and care consistent with its business to avoid injury to the plaintiff. The conductor was advised that the plaintiff wished to alight at Sixteenth street, and saw him moving toward the rear end of the car for that purpose. He also knew, or should have known, that the car slackened its speed as if about to stop at the request of the plaintiff when it reached Sixteenth street. The motorman knew that a stop was to be made at said street for the discharge of passengers, because he had been given the usual signal to make a stop there. The appellant's servants in charge of the car were thus fully advised, or in the exercise of that high degree of care which the law requires should have known, that the passengers desiring to alight would or might place themselves in a situation to do so with as little delay as possible, and they were bound not to subject the plaintiff to an unusual danger. Under such circumstances it is the rule that the operators of the car are bound to see that no passenger is in the act of alighting before starting the car with unusual force and violence, as was done in this case. *Root v. Des Moines City Ry. Co.,*

1. Interurban Railway: passengers: negligent operation of car.

113 Iowa, 676; *Patterson v. Railway Co.,* 90 Iowa, 247; Clark's Street Railway Accident Law (2d Ed.) section 68; Hutchinson on Carriers (2d Ed.) section 615.

We do not think it can be said as a matter of law that the plaintiff was negligent because he took a position on the step of the car after it had commenced to slow up, as he 2. SAME: contrib- supposed, for the Sixteenth street station. utory negli- gence. He had the right to assume that the car would stop there in accordance with his request and the direction of the conductor; and he also had the right to assume that in making the stop the car would be handled in the usual manner. *Root v. Railway Co., supra; Raben v. Railway Co.,* 74 Iowa, 733. The case should have been submitted to the jury. The judgment must therefore be reversed. —*Reversed.*