## THOMPSON ET AL. *v.* BEATTY ET AL.

[No. 21,297. Filed January 15, 1909.]

1. APPEAL.—*Weighing Evidence.*—Where the judgment below is supported in every material respect by some evidence, it will not be overthrown on appeal. p. 580.

2. SAME.—*Weighing Evidence.*— *Vacation of Highway.*— Where there is evidence showing that the highway sought to be vacated was located over a rough, hilly country, that it was overgrown with weeds, briers, and bushes, washed in · gullies, and would require an expenditure of from $400· to $500 to put it in order, and that there were other available highways in the community, a judgment vacating same is sustained by the evidence. p. 580.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Highway proceeding by George W. Beatty and others, against which Henry G. Thompson and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Bretz & McFall* and *Cox & Hunter,* for appellants.

*William A. Traylor* and *Bomar Traylor,* for appellees.

MONTGOMERY, J.—This is a proceeding to vacate a public highway, instituted before the Board of Commissioners of the County of Dubois. A trial in the circuit court, upon appeal, resulted in a finding and judgment in favor of the petitioners. Appellants' motion for a new trial, upon the ground that the decision of the court is not sustained by

sufficient evidence and is contrary to law, was overruled, and that ruling is assigned as error. The only question presented, therefore, is whether there is any evidence in support of the decision of the trial court. If the judgment below is supported in every material respect, although the evidence may seem to us weak and unsatisfactory, no error of law will be presented justifying a reversal. *Speck* v. *Kenoyer* (1905), 164 Ind. 431; *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517; *Mead* v. *Burk* (1901), 156 Ind. 577; *Heath* v. *Sheetz* (1905), 164 Ind. 665; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470.

It appears from the evidence of appellees' witnesses that the road in controversy has been established for more than fifteen years, but has never been worked, and was regarded by the road supervisor as dead. The route is hilly from end to end, and passes over one unusually high and steep hill. A part of the road has never been traveled with a wagon, and the entire roadway was full of ditches and gullies from two to three feet in width and depth, and overgrown with weeds, briers and bushes. It would cost from $400 to $500 to make the road passable, and a large amount to put it in good condition, and there are other available roads in the neighborhood, in better condition. This evidence was clearly sufficient to sustain the decision of the trial court. We need not examine appellants' evidence, as the rule is firmly settled that this court cannot and will not attempt to weigh conflicting oral testimony for the purpose of determining its preponderance. *Alerding* v. *Allison* (1908), 170 Ind. 252; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694; *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288; *White* v. *Redenbaugh* (1908), 41 Ind. App. 580; *Union Traction Co.* v. *Buckland* (1905), 34 Ind. App. 420; *Morgan* v. *Jackson* (1904), 32 Ind. App. 169,

We are unable to say that the court erred in overruling appellants' motion for a new trial, and the judgment is therefore affirmed.