# Espenlaub et al. v. Hedderick

[No. 7,728. Filed January 10, 1913.]

1. Master and Servant.—*Injury to Servant.*—*Unguarded Machinery.*—*Contributory Negligence.*—*Complaint.*—In a servant's action for personal injuries, the allegations of the complaint that the injury was caused by defendants' negligence in failing to guard the saw, that by reason of a defect in the saw-table a piece of wood became lodged near the saw, and that, while attempting to remove it, plaintiff's hand was caught in the saw and injured, but which neither show the distance of plaintiff's hand from the saw when he took hold of the wood, nor that he placed his hand in dangerous proximity to the saw, do not show affirmatively as a matter of law that plaintiff was guilty of contributory negligence. p. 141.

2. NEGLIGENCE.—Contributory Negligence.—Complaint —Sufficiency. —A complaint in a negligence case need not negative contributory negligence on the part of plaintiff, and will be held sufficient in this respect, unless facts are specifically averred therein disclosing the defense of contributory negligence.  p. 141.

3. NEGLIGENCE.—Complaint.—Allegations.—Presumptions of Contributory Negligence.—Contributory negligence of plaintiff will not be presumed from allegations of the complaint tending to disclose such defense.  p. 141.

4. PLEADING. — Presumptions Against Pleading. — Presumptions against a pleading relate only to the facts necessary to constitute a cause of action, and not to facts tending to disclose an affirmative defense.  p. 142.

5. MASTER AND SERVANT.—Injury to Servant.—Unguarded Saw.— Contributory Negligence.—Evidence.—Verdict.—In a servant's action for injury to his hand by coming in contact with an unguarded saw while he was attempting to remove a piece of wood that had lodged in the saw-table, where there was evidence showing that plaintiff could have stopped the saw by going around the table and using a lever provided for that purpose, while other evidence showed that if he had attempted to do so he would thereby have exposed himself to other serious dangers, and that in attempting to remove the wood without stopping the saw plaintiff was pursuing the usual course, the question of whether he used due care was one of fact for the jury and its verdict thereon will not be disturbed.  p. 142.

6. APPEAL.—Review.—Conflicting Evidence.—Verdict.—Conclusiveness.—The verdict of a jury on a question of fact, where the evidence is conflicting or is of such character that reasonable minds might draw opposite inferences therefrom, will not be disturbed on appeal.  p. 142.

7. APPEAL.—Review.—Instructions.—Refusal.—The refusal of requested instructions that are covered by instructions given, or are inapplicable to the issues and the evidence, is not error.  p. 142.

From Posey Circuit Court; Herdis F. Clements, Judge.

Action by Arthur Hedderick, by his next friend, John E. Hedderick, against John W. Espenlaub and others. From a judgment for plaintiff, the defendants appeal. Affirmed.

George A. Cunningham, for appellants.

John W. Spencer, John R. Brill and Frank H. Hatfield, for appellee.

LAIRY, J.—Appellee by his next friend sued appellants to recover damages for personal injuries alleged to have been

caused by appellants' negligence. Appellants' demurrer to the complaint was overruled, an answer in general denial filed, the cause tried by a jury, and a verdict returned in favor of appellee. Appellants' motion for a new trial was overruled, and judgment rendered in favor of appellee on the verdict. The rulings of the court on the demurrer to the complaint and the motion for a new trial are assigned as error here.

Appellants assert that the complaint is insufficient for the reason that its averments show affirmatively that the plaintiff was guilty of contributory negligence. It

1. appears from the allegations of the complaint that the plaintiff was injured while operating a buzz-saw in defendants' factory, by reason of the negligence of defendants in failing to guard the saw in obedience to §8029 Burns 1908, Acts 1899 p. 231, §9, commonly known as the factory act. It appears also that, by reason of a defect in the table or platform on which the saw was operated, a piece of wood became clogged or fastened near the teeth of the unguarded saw, and that while plaintiff was attempting with his left hand to remove this piece of wood, the revolving saw caught it and his hand was jerked against the teeth of the saw and thereby injured. From these averments the court cannot say as a matter of law that plaintiff was negligent. The complaint does not show that plaintiff in attempting to remove the piece of wood placed his hand in dangerous proximity to the saw, neither is the distance of his hand from the saw at the time he took hold of the piece of wood

2. shown. It was not necessary for plaintiff to allege that he was free from contributory negligence, and the complaint will be held good in this respect, unless facts are specifically averred therein disclosing the defense of contributory negligence. As to such facts, no pre-

3. sumptions are indulged against the pleader. Presumptions against a pleading relate only to the facts necessary to constitute a cause of action, and do not relate

to facts tending to disclose an affirmative defense.

4. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Cole* v. *Searfoss* (1912), 49 Ind. App. 334, 97 N. E. 345. The court cannot say in this case that the facts stated in the complaint show affirmatively as a matter of law that plaintiff was guilty of contributory negligence. The demurrer to the complaint was properly overruled.

The evidence on the question of contributory negligence was conflicting. The testimony showed that plaintiff could have stopped the saw by going around the table and

5. using a lever provided for that purpose. Some of the witnesses said that this would have been the safer course to pursue, while others testified that an attempt to pursue this course would have exposed plaintiff to other dangers of a serious character, and that the way employed by plaintiff in his attempt to remove the piece of wood in question was the way in which it was usually done. Under the evidence, the question of whether the plaintiff used due care was one of fact for the jury. This court will

6. not disturb the verdict of a jury on a question of fact where the evidence is conflicting, or where it is of such a character that reasonable minds might draw opposite inferences therefrom in respect to such fact.

Appellants object to the fourteenth and seventeenth instructions, on the ground that they are not applicable to the evidence. An examination of the record shows that there was some evidence to justify these instructions. The fifteenth instruction, objected to by appellants, is not erroneous.

Error is predicated on the refusal of the court to give certain instructions tendered by appellant. An ex-

7. amination of these instructions shows that they were either covered by other instructions given or that they were inapplicable to the issues and the evidence.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 382.  See, also, under (1) 26 Cyc.
1399;  (2) 29 Cyc. 575;  (3) 29 Cyc. 579;  (5) 26 Cyc. 1482;  (6) 3
Cyc. 348;  (7) 38 Cyc. 1612, 1711.  As to the contributory negligence
of an employe as affecting his right to recover for personal injuries
see 97 Am. St. 884; also, note to *Brazil Block Coal Co.* v. *Gibson*
(Ind.) 98 Am. St. 289.