## PUBLIC UTILITIES COMPANY v. COSBY.

[No. 8,816. Filed December 7, 1915.]

1. CARRIERS.—*Injuries to Passengers.—Complaint.—Knowledge of Passenger's Position.*—A complaint by a passenger for injuries by being thrown from the platform of a street car, alleging that plaintiff, when near his point of destination, informed the conductor that he desired to alight, that the conductor signalled the motorman to stop the car, that the speed was thereupon reduced, that plaintiff, believing that the car would stop at his point of destination, stepped upon the platform preparatory to alighting, and that defendant's servants had full knowledge of his position, but negligently failed to stop the car and negligently increased its speed and caused the car to be jerked suddenly, whereby plaintiff was thrown, etc., sufficiently charged defendant's servants with knowledge of plaintiff's position upon the platform. p. 254.

2. CARRIERS.—*Carriage of Passengers.—Duty of Carrier.—Laibility.*—A carrier, while not an insurer of the safety of its passengers, must exercise the highest degree of care practicable for their safety, and is responsible for injuries through its negligence, growing out of the condition of its road, character of its equipment, and the conduct of its servants; the passenger himself being without fault. p. 255.

3. CARRIERS.—*Injuries to Passengers.—Contributory Negligence.*—
It is not negligence *per se* for a passenger to go upon the platform
of a moving car preparatory to alighting therefrom; hence the court
can not say that plaintiff was guilty of contributory negligence on
the allegations of a complaint showing that after making known to
the conductor of the street car he was on that he desired to alight,
that on nearing the point of his destination the speed of the car was
reduced, whereupon plaintiff took his position on the rear plat-
form preparatory to alighting, and that while in such position de-
fendant's servants negligently failed to stop the car and negligently
increased its speed and caused the car to be jerked suddenly, where-
by plaintiff was thrown and injured.    p. 256.

4. CARRIERS.—*Injuries to Passengers.—Complaint.—Negligence.*—
A complaint by a passenger against a street car company for in-
juries by being thrown from the platform of the car, alleging that
plaintiff notified the conductor of his desire to alight, that the
signal to the motorman was given and the speed of the car slack-
ened, whereupon plaintiff went to the rear platform preparatory to
alighting, and that defendant's servants, with full knowledge of
plaintiff's position, negligently failed to stop the car and negligently
increased its speed and caused it to give a sudden jerk, whereby
plaintiff was thrown and injured, sufficiently charged negligence
on the part of defendant.    p. 257.

5. APPEAL.—*Questions Presented.—Evidence.—Weight and Suffi-
ciency.*—Alleged error based on the insufficiency of the evidence
presents the question of whether there is any evidence to support
the verdict in every essential, and, though the evidence may be
unsatisfactory, it presents no question of law calling for a reversal.
p. 258.

6. APPEAL.—*Review.—Verdict.—Evidence.*—The verdict for plain-
tiff was conclusive on evidence which followed the allegations of
the complaint, notwithstanding such evidence was conflicting or
confusing in some respects, since the court on appeal can not weigh
the evidence.    p. 258.

7. CARRIERS.—*Injuries to Passengers.—Burden of Proof.—Con-
tributory Negligence.—Instructions.*—An instruction in a passen-
ger's action for personal injuries informing the jury that the burden
was on plaintiff to prove the material allegations of the com-
plaint and that on making such proof he would be entitled to re-
cover, providing it was not shown by defendant that he was guilty
of contributory negligence, though incomplete when standing alone
in that it confined the establishing of contributory negligence to
defendant, was not ground for reversal in view of the fact that the
court by another instruction told the jury that it was for the jury
to say from all the facts and circumstances of the cause whether or
not the plaintiff's own act and conduct constituted contributory
negligence.    p. 258.

Public Utilities Co. *v.* Cosby—60 Ind. App. 252.

From Vanderburgh Circuit Court; *Duncan C. Givens*, Judge.

Action by William Cosby against the Public Utilities Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Robinson & Stilwell*, for appellant.

MORAN, J.—Appellee was suddenly thrown from the rear platform of one of appellant's cars in the city of Evansville, Indiana, while attempting to to alight therefrom. He alleges that his fall was caused by the negligence of appellant. On the trial of the cause a verdict was returned in appellee's favor in the sum of $75. Judgment was rendered on the verdict, and the motion for a new trial overruled, which, together with the overruling of the demurrer to the complaint, constitute the errors presented for consideration in this court. The compaint, after alleging that appellee be-

1. came a passenger for hire upon one of appellant's street cars in the city of Evansville, Indiana, with his destination at a given point in said city, alleges in substance that when appellee was near his point of destination he informed the conductor in charge of the car that he desired to alight therefrom, and that the conductor signaled the motorman to stop the car, thereupon the speed of the car was reduced and appellee believed that appellant's servants in charge of the car would perform their duty and stop the same at his point of destination, and by reason thereof, stepped out upon the platform and prepared to alight; that appellant's servants had full knowledge of his position, but negligently failed to stop the car, and negligently increased the speed, and after it had passed the point where appellee should have left the car, appellant's servants negligently allowed the car to be

suddenly jerked, by reason of which appellee was thrown from the car with great force and violence and was greatly and permanently injured, without any fault or negligence on his part, which injuries were caused wholly by the negligence of appellant to appellee's damage in the sum of $1,000.

Upon the sufficiency of the complaint to withstand a demurrer for want of facts, appellant argues that the only theory upon which the complaint could have proceeded was that while appellee was in a position preparatory to alighting the servants in charge of the car with knowledge of his position, negligently allowed the car to give a sudden jerk. But it is insisted that it is not good upon this theory, for the reason that it is not claimed that appellee was thrown from the car at the place where he intended to alight or while in the act of alighting, and that it is alleged only by inference that the servants in charge of the car knew that appellee was in a position preparatory to leaving the car upon the same being stopped, and that he voluntarily placed himself in a dangerous position until injured; and that he was guilty of negligence. As to whether the servants knew of appellee's position at and immediately before the injury, the allegations of the complaint in this behalf are sufficient to charge the servants in charge of the car with knowledge of his position upon the platform.

The relation of carrier and passenger existed between appellee and appellant and it has been held many times that when this relation exists 2. that the carrier, while not an insurer of the safety of its passengers, is charged with the duty of exercising the highest degree of care practicable for the safety of its passengers, and is responsible for an injury caused to a passenger by its

negligence, growing out of the condition of its road, character of its machinery and equipment, and the skill and conduct of its servants and employes, the passenger himself being without fault. *Louisville Ferry Co.* v. *Nolan* (1893), 135 Ind. 60, 34 N. E. 710; *Lake Erie, etc., R. Co.* v. *Cotton* (1910), 45 Ind. App. 580, 91 N. E. 253.

3. "It is usually held not to be negligence *per se* for a passenger to leave his seat and approach the door of the car preparatory to disembarking after his destination has been announced and the train is approaching the station, or to go upon the platform of the car while the train is in motion, preparatory to alighting." 5 R. C. L. 31, §677. See, also, *Heinze* v. *Interurban R. Co.* (1908), 139 Iowa 189, 117 N. W. 385, 21 L. R. A. (N. S.) 715; *Young* v. *Boston, etc., St. R. Co.* (1913), 213 Mass. 267, 100 N. E. 541, 50 L. R. A. (N. S.) 450, Ann. Cas. 1914 A 635; *Washington, etc., R. Co.* v. *Chapman* (1906), 26 App. Cas. (D. C.) 472; 6 Ann. Cas. 721; *Wellmeyer* v. *St. Louis Transit Co.* (1906), 198 Mo. 527, 95 S. W. 925. The inquiry is, Was appellee negligent in taking the position he did upon the platform of the car under the circumstances, and remaining there after the car had failed to stop at the point where he was to leave the car? That part of the complaint that becomes material to this inquiry may be paraphrased as follows: That after appellee made known to appellant's servants in charge of the car that he desired to leave the same when it reached a given point, and that just before reaching the point where appellee had intended to leave the car, the speed of the car was reduced, and under these circumstances appellant took his position at the rear platform of the car preparatory to alighting, and while in this position, appellant's servants in charge of the car failed

to stop the same, and negligently increased the speed to a high and dangerous rate, and shortly after passing the point where appellee would have disembarked had the car stopped, as appellee expected it would, appellant's servants negligently allowed the car to give a sudden and unexpected jerk by reason of which appellee was thrown from the car and injured. "It is probably more dangerous to ride upon the platform than within the car, and the passenger by taking such position assumes the risks which naturally ensue from that position. That is to say, if the company runs its cars in a prudent manner, and the passenger falls off and is injured, that is a risk he assumed by standing upon the platform; but if he has exercised due care (which is usually a question for the jury), and is injured because of the negligence of the company in running its car, the company can not be heard to say that he has no right of action against it, when it is responsible for the practice which resulted in his injury." *Capital Traction Co.* v. *Brown* (1907), 29 App. Cas. (D. C.) 473, 12 L. R. A. (N. S.) 831. Under the facts pleaded, it can not be said as a matter of law that appellee occupying the position that he did while the car was in operation and under the circumstances was guilty of negligence; and the court did not err in leaving it to the jury as a question of fact. *Terre Haute Elec. R. Co.* v. *Lauer* (1899), 21 Ind. App. 466, 52 N. E. 703; *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081; *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005.

4. The charge of negligence alleged in the complaint on the part of appellant is sufficient. No error was committed by the court in overruling the demurrer to the complaint.

The only error urged by reason of the overruling of the motion for a new trial under "Points and Authorities" is that the verdict is not sustained by sufficient evidence; and in the giving of instruction No. 8 by the court of its own motion. As to the error based on the insufficiency of the evidence to support the verdict, it presents for our consideration the question as to whether there is any evidence in support of the verdict; that is, if the verdict is supported in every material respect, although the evidence may not be entirely satisfactory, it will not present a question of law calling for a reversal of the cause. *Thompson* v. *Beatty* (1909), 171 Ind. 579, 86 N. E. 961. The evidence in the main follows the allegations of the complaint, and while it is somewhat confusing as to the manner in which appellee was thrown from the car, it is, however, sufficient to sustain the verdict. No error was committed in overruling the motion for a new trial in this respect, as it is well settled that this court cannot weigh the evidence when it is conflicting, for the purpose of determining the preponderance. *Cleveland, etc., R. Co.* v. *Christie* (1912), 178 Ind. 691, 100 N. E. 299; *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 97 N. E. 155 *Espenlaub* v. *Hedderick* (1913), 52 Ind. App. 139, 100 N. E. 382.

This leaves for consideration the error predicated upon the giving of instruction No. 8 by the court of its own motion. This instruction informed the jury that the burden was upon appellee to prove the material allegations of his complaint by a preponderance of the evidence, and if he did so he was entitled to recover, providing it was not shown by the appellant that appellee was guilty of contributory negligence. This instruction when standing alone is incomplete, as it confines the es-

tablishing of contributory negligence to appellant when it is sufficient if established from all of the evidence by whomsoever adduced. *Cleveland, etc., R. Co.* v. *Carey* (1904), 33 Ind. App. 275, 71 N. E. 244. But by instruction No. 6 the jury was informed that it was for the jury to say from all the facts and circumstances of the cause whether or not the plaintiff's own act and conduct constituted contributory negligence. When instruction No. 8 is read in connection with instruction No. 6, no error was committed by the court in giving this instruction.

No available error being shown by the record, judgment is affirmed.

NOTE.—Reported in 110 N. E. 576. As to degree of care required of carrier of passengers, see 118 Am. St. 465. As to negligence in starting street car with jerk, see 23 L. R. A. (N. S.) 891; 34 L. R. A. (N. S.) 225. As to presumption of negligence from sudden start, stop, jolt, or jerk of car, see 13 L. R. A. (N. S.) 611; 29 L. R. A. (N. S.) 814. As to negligence of passenger in going upon platform or steps of car just before reaching his station, see 21 L. R. A. (N. S.) 715. As to the liability of a railroad for injuries received by passenger riding on platform, see Ann. Cas. 1914 A 563. See, also, under (1) 6 Cyc 626; (2) 6 Cyc 590, 591; (3) 6 Cyc 645; (5) 3 Cyc 348; (6) 3 Cyc 349; (7) 38 Cyc 1749.