## VAN SPANJE ET AL. *v.* HOSTETTLER.

[No. 9,551.  Filed May 28, 1918.  Rehearing denied November 21,
1918.]

1. PLEADING.—*Waiver of Error.—Insufficiency of Complaint.—
   Failure to Demur.*—Under §348 Burns 1914, Acts 1911 p. 415, §3,
   providing that, if no objection is made by demurrer or answer,
   to a defect in the complaint, the objections thereto are waived,
   failure to demur to a complaint waives the objection that the
   complaint is insufficient for want of facts.  p. 521.

2. APPEAL.—*Presenting Questions for Review.—Ruling on Demur-
   rer.—Assignment of Error.*—The overruling of a demurrer will
   not be reviewed on appeal where the question is not presented
   by an assignment of error.  p. 522.

3. CONTRACTS.—*Fraud.—Liability.*—Where a person designedly or

knowingly causes a false impression or belief to be entertained by another, and the latter is thereby induced to make a contract injurious to his interests or to perform a valuable service to the one guilty of the deception on the credit of another, such deception constitutes actionable fraud. p. 524.

4. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—A verdict will not be disturbed on appeal for insufficiency of evidence where there is some evidence to sustain it. p. 524.

5. LIMITATION OF ACTIONS.—*Concealment of Liability.*—*Effect.*— Where an officer of a corporation fraudulently induced a contractor to erect a house on his land in the belief that the house was being constructed for the corporation, the concealment of the fact that the house was not built for the corporation postpones the running of the statute of limitations under §302 Burns 1914, §300 R. S. 1881, providing that where a cause of action is concealed from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action. pp. 524, 526.

6. FRAUD.—*Action.*—*Fraudulent Concealment.*—Acts constituting fraudulent concealment may precede, be concurrent with, or subsequent to, the accruing of the cause of action. p. 526.

7. APPEAL.—*Review.*—*Evidence.*—The jury's finding will not be disturbed on appeal where sustained by some evidence, although such evidence may have been strongly contradicted and not entirely satisfactory. p. 527.

8. APPEAL.—*Review.*—*Rulings on Instructions.*—*Exceptions in Gross.*—*Effect.*—Where the exception to instructions is in gross, available error cannot be predicated on the giving of such instructions unless all were erroneous. p. 527.

9. TRIAL.—*Instructions.*—*Directing Verdict.*—A request for an instruction directing a verdict for defendants was properly refused where there was some evidence to sustain every material averment of the complaint. p. 528.

10. APPEAL.—*Review.*—*Refusal of Instructions.*—It is not error to refuse to give requested instructions which are substantially covered by those given. p. 528.

11. APPEAL.—*Review.*—*Admission of Evidence.*—*Scope of Review.* —Where error is assigned on the admission of evidence, a ground of objection not stated in the trial court will not be considered on appeal. p. 528.

12. FRAUD.—*Reliance on Representations.*—*Testimony as to Belief.* —*Admissibility.*—In an action for fraud, where plaintiff alleged that defendant, an officer of a corporation, caused him to build a house on defendant's property by designedly inducing him to believe that the house was to be constructed for the corporation,

testimony by plaintiff as to what he understood from defendant's declarations was admissible, since the false belief induced by such declarations was an essential element of the right of recovery. p. 528.

From LaPorte Circuit Court; *Harry L. Crumpacker*, Judge.

Action by Zacharias T. Hostettler against Adolf Van Spanje and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Theron F. Miller* and *H. B. Tuthill*, for appellants.
*Cornelius R. Collins* and *Jeremiah R. Collins*, for appellee.

BATMAN, J.—This is an action by appellee against appellants for damages, based on an alleged fraud in inducing appellee to construct two dwelling houses on their real estate, on the credit of the Ohlemacher Brick Company. The complaint is in a single paragraph, and alleges in substance that appellants are, and for the past ten years have been, husband and wife, and that the said Adolf Van Spanje acted as the agent of his said wife, Cora Julia Van Spanje, in the transaction hereinafter stated; that in the year 1907 appellants procured appellee to construct two dwelling houses on certain real estate owned by them in Laporte county, Indiana, as tenants by the entireties; that in order to induce appellee to perform certain labor, and furnish certain materials therefor on credit, the said appellants falsely and fraudulently, and with the intent to deceive appellee, represented to him that said labor and material were to be performed for, and furnished to, the Ohlemacher Brick Company; that appellee relied on said representations, and was induced thereby to perform and furnish said labor and materials for the construction

of the dwelling houses on appellants' said real estate, all of the value of $500, as shown by a bill of particulars made a part of the complaint; that when the representations were made the said brick company had no interest in the real estate, nor in the construction of the dwelling houses, and appellants were not authorized to have said houses constructed for said company; that appellants knew such representations were false at the time they were made, but that appellee did not know such fact, and did not discover the same until June 4, 1913, which was more than five years after the completion of the houses; that appellants concealed their liability to appellee until such date, when he first discovered that appellants had committed a fraud upon him in the manner alleged; that the real estate has been greatly benefited by the construction of the dwelling houses, and that appellant Cora Julia Van Spanje has received the rents therefrom since the erection thereof. Demand for judgment in the sum of $500.

Appellant filed an answer in four paragraphs, the first being a general denial, the second and third being based on the six-year statute of limitations, and the fourth being a plea of payment. No reply appears of record. The cause was submitted to a jury for trial. A verdict was returned for the sum of $391.85 on which judgment was rendered. Appellants filed a motion for a new trial, which was overruled, and this action of the court is the sole error assigned and relied on for a reversal.

Appellants in their brief attack the sufficiency of the complaint for want of facts. The record fails to disclose the filing of any demurrer thereto, and

1. therefore all questions as to its sufficiency in that regard are waived. §348 Burns 1914, Acts

1911 p. 415, §3; *Pillsbury, etc., Co.* v. *Walsh* 2. (1915), 60 Ind. App. 76, 110 N. E. 96; *Milhollin* v. *Adams* (1918), 66 Ind. App. 376, 115 N. E. 803. However, if a proper demurrer on such ground had been filed and overruled, such action could not be reviewed on this appeal, as such question is not presented by an assignment of error. *Cleveland, etc., R. Co.* v. *True* (1913), 53 Ind. App. 156, 100 N. E. 22.

Appellants have assigned among their reasons for a new trial that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. In support of these reasons they rely on two propositions: (1) That the evidence is not sufficient to establish the fraud alleged; (2) that the evidence does not show facts sufficient to avoid the statute of limitations. As bearing on these questions it should be noted that the evidence tends to show that at the times hereinafter mentioned, the Ohlemacher Brick Company owned a plant and was engaged in making building brick a few miles from Michigan City, Indiana; that during such time appellant Adolf Van Spanje was the secretary and treasurer of said company, and was actively employed in the conduct of its business; that appellee was a man of advanced years and of limited education, and had been engaged in the construction of houses for a number of years; that in so doing he had purchased brick of said company, and had a running account with it by reason of such fact; that prior to the transaction involved in this case the said Van Spanje, acting on behalf of said company, had procured appellee to perform certain repair and construction work on its buildings, and had been paid therefor in part, by credits given him by said company on his running account with it;

that in the month of September, 1907, the said Van Spanje called appellee to his home and said to him, "We want to build some houses for our tenants, or houses for our laborers at the factory, and we might build several of them, a few of them or several of them; two anyhow"; that they wanted one for the night watchman and one for the engineer, and would build them on the other side of the road from the brick plant; that thereafter appellee proceeded to construct said houses by the direction of said Van Spanje; that the business connected therewith was usually transacted at the office of said company and apparently in the usual course of its affairs; that said company furnished certain material therefor, and delivered the same on the premises; that appellee purchased certain materials for such construction and had the same charged to said company with the knowledge of said Van Spanje, and a portion was so charged by his direction; that he requested appellee to use all the brick he could from the plant of said company, saying that every thousand that he would take would help them out that much; that at the time appellee was engaged to construct said houses he believed he was contracting with said company therefor; that he proceeded with their construction under such belief, and did not learn the contrary until long after their completion; that said houses were completed in 1908, but by reason of his running account with said company for brick purchased of it he did not urge a settlement at such time; that in the year 1910, about two years after the completion of said houses, appellee attempted to secure a settlement of his account with said company, including the balance due for the construction of such houses;

that he then learned for the first time that said houses were owned by appellants, and not by said company; that prior to such time he did not know that appellants had any interest in the construction of said houses, and believed that said company was the owner thereof.

It is a well-settled rule that, where a person designedly or knowingly causes a false impression or belief to be entertained by another, and the 3. latter is thereby induced to make a contract injurious to his interests, such contracts is so impressed with fraud that the court will grant relief. Ray v. Baker (1905), 165 Ind. 74, 74 N. E. 619; Kemery v. Zeigler (1912), 176 Ind. 660, 96 N. E. 950; Paxton-Eckman Chem. Co. v. Mundell (1916), 62 Ind. App. 45, 112 N. E. 546. The principle involved in such rule applies with equal force where such false impression or belief leads the person so deceived to perform a valuable service for the one guilty of such deception on the credit of another to his damage. The jury heard the evidence, and was authorized to 4. weigh the same, and draw all proper inferences from the facts established thereby. We may not disturb the conclusion reached by it, unless we can say there was no evidence to sustain such verdict. Beard v. Payne (1917), 64 Ind. App. 324, 115 N. E. 782, and authorities there cited. Guided by this well-established rule, we cannot sustain appellants' contention that the evidence is not sufficient to sustain the verdict on the question of fraud.

This brings us to a consideration of appellants' proposition, involving the statute of limitations. The record discloses that said Adolf Van Spanje 5. engaged appellee to construct the houses in question in 1907, and that they were completed

in 1908; that all the facts and circumstances on which appellee relies to establish the fraud on which this action is based occurred prior to the completion of such houses. It is thus apparent that this action is barred under the provision of the fourth clause of §294 Burns 1914, §292 R. S. 1881, unless relief is afforded appellee by §302 Burns 1914, §300 R. S. 1881. This latter section reads as follows: "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action." In considering the question of concealment it should be borne in mind that this action is based on the alleged fraud of appellants in inducing appellee to construct the houses in question, and not on an alleged contract for such construction, and hence the concealment to be considered must necessarily relate to such fraud. It has been repeatedly held that to constitute concealment of a cause of action, so as to prevent the running of the statute of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who had the cause of action from obtaining information, by the use of ordinary diligence, that the right of action exists, and that the acts relied on must be of an affirmative character and fraudulent. *Fidelity, etc., Co.* v. *Jasper Furniture Co.* (1917), 186 Ind. 566, 117 N. E. 258, and authorities there cited. Appellants rely on this rule, and assert that, at most, the evidence shows nothing more than silence on their part, which is not sufficient to establish concealment. *Jackson* v. *Jackson* (1898), 149 Ind. 238, 47 N. E. 963. This contention might be

plausible if the jury, in determining the question of concealment, had been confined to the evidence of acts, occurring subsequently to the accruing of appellee's cause of action. However, the jury was not so confined, as it is well settled that acts constituting fraudulent concealment may precede, be concurrent with, or subsequent to, the accruing of the cause of action. *Boyd* v. *Boyd* (1867), 27 Ind. 429; *Dorsey Machine Co.* v. *McCaffrey* (1894), 139 Ind. 545, 38 N. E. 208, 47 Am. St. 290; *Jackson* v. *Jackson, supra; Whitesell* v. *Strickler* (1907), 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524; *Norris* v. *Haggin* (1888), 136 U. S. 386, 10 Sup. Ct. 942, 34 L. Ed. 424. When we consider the evidence in the light of this rule, we are unable to say there was no evidence of concealment. There was evidence of language used by appellant Adolf Van Spanje, at the time he engaged appellee to construct said houses, when considered in the light of his relation to said brick company and their former business transactions, that was well calculated to induce a belief in appellee that he was employed to · construct such houses for said company. There was evidence of later acts on the part of said Van Spanje that were well calculated to confirm such belief and deter appellee from making an investigation as to who was liable to him for the construction of such houses, such as directing appellee to have certain material used in such construction charged to said company, and in requesting appellee to take as much of its brick as possible, so as to help them out. From such facts and circumstances the jury may have drawn the inference that the said Adolf Van Spanje designedly induced such false belief on the part of appellee for the fraud-

ulent purpose of causing him to construct said houses for appellants on the credit of said company. There was some evidence to establish facts from which such an inference might be properly drawn. Under such circumstances we are bound by the determination of the jury in that regard, although such evidence may have been strongly contradicted and not entirely satisfactory. *Thompson* v. *Beatty* (1909), 171 Ind. 579, 86 N. E. 961; *Warner* v. *Jennings* (1909), 44 Ind. App. 574, 89 N. E. 908; *Hollingsworth* v. *Hollingsworth* (1912), 50 Ind. App. 137, 98 N. E. 79; *Monongahela River, etc., Coke Co.* v. *Walts* (1914), 56 Ind. App. 235, 105 N. E. 160; *Public Utilities Co.* v. *Cosby* (1915), 60 Ind. App. 252, 110 N. E. 576.

Appellants, in their motion for a new trial, predicate error on the action of the court in giving certain instructions. The only evidence of any exception to the giving of such instructions, taken by appellants, appears in an entry of the court's proceedings in the following language: "And to the giving of said instructions by the court on its own motion, the defendant excepts." Such exception is in gross or to such instructions as a whole. Under such circumstances, available error cannot be predicated on the giving of said instructions, unless all so given and excepted to were erroneous. *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983, 1141, and authorities there cited. It could not be successfully maintained that all of said instructions were erroneous, and hence the rule stated is applicable here.

Appellants also claim that the court erred in failing to give certain instructions tendered by them.

Among such instructions was one directing the jury to return a verdict for appellants. There was no error in refusing to give such instruction as there was some evidence to sustain every material averment of appellee's complaint. An examination of the record discloses that the subject-matter of the remaining instructions, tendered by appellant, in so far as they correctly stated the law, was substantially covered by the instructions given by the court on its own motion. Under such circumstances there was no reversible error committed by the court in refusing to give such instructions. *J. F. Darmody Co.* v. *Reed* (1916), 60 Ind. App. 662, 111 N. E. 317; *Vandalia R. Co.* v. *Parker* (1916), 61 Ind. App. 146, 111 N. E. 637.

Appellants assigned a number of alleged errors in the admission and rejection of evidence, but have only presented one for the determination of this court. Such error relates to the ruling of the court in permitting appellee to testify as to what he understood from the declaration of appellant Adolf Van Spanje. The only reason urged in this court against the admission of such evidence is that such fact could not be established by parol evidence. Such ground of objection was not stated in the court below, and hence, under the well-settled rule, will not be considered on appeal. *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879. However, there was no error in admitting such evidence. Its effect was to permit appellee to testify as to the belief which such declarations induced in him. Such belief was an essential element in appellee's right of recovery. *Southern Development Co.* v. *Silva* (1887), 125 U. S.

247, 8 Sup. Ct. 881, 31 L. Ed. 678; 12 R. C. L. §109, p. 355. Under such circumstances it was competent to prove such fact by the direct testimony of appellee. 10 R. C. L. §116, p. 946; *Parrish* v. *Thurston* (1882), 87 Ind. 437.

For reasons stated, we conclude that the court did not err in overruling appellants' motion for a new trial. Finding no reversible error in the record, the judgment is affirmed.

Note.—Reported in 119 N. E. 725.