UNION TRACTION COMPANY OF INDIANA *v.* SCHUSTER.

[No. 11,798.   Filed June 10, 1924.]

APPEAL.—*Review.—Harmless Error.—Refusing Instruction.*—The refusal to give a correct instruction is harmless error where the jury was fully informed by other instructions on the proposition covered by the requested instruction.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Jacob Schuster against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. VanOsdol* and *Diven, Diven & Campbell,* for appellant.

*Bago, Free & Pence* and *Robert Hunter,* for appellee.

BATMAN, J.—By this action, appellee seeks to recover the amount of damages to his automobile, alleged to have been sustained through the negligence of appellant, in failing to restore a highway over its tracks to a safe condition, and in the operation of one of its cars, resulting in a collision between such car and his automobile. The complaint is in a single paragraph, and the answer thereto is a general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this appeal followed.

Lathrop, Admx., *v.* Frank Bird, etc., Co.—81 Ind. App. 549.

The only error on which appellant relies for a reversal is based on the action of the court in refusing to give instruction No. 12 requested by it. The effect of this instruction, if given, would have been to inform the jury that if it believed that appellee did a specified act, under certain conditions, which were not attributable to appellant, and that such act, under such conditions, *was the sole cause of the collision,* that appellee could not recover. This is a correct statement of the law, since the clause we have italicised precludes the existence of a fact essential to appellee's right of recovery, viz.: negligence on the part of appellant. However, it was not error to refuse to give the instruction, as the jury was fully informed, by other instructions, that appellee could not recover in the absence of proof of such negligence. *Van Spanje* v. *Hostettler* (1918), 68 Ind. App. 518. No reversible error being shown, the judgment is affirmed.